## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S, SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170, | ) ) ) ) | CIVIL ACTION NO. 05-_____ |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| VARADAM FOUNDATION and JAMIE JALIFE, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, ACE Capital and others underwriting at Lloyd's, severally subscribing to Policy No. A5BGLY170, each for itself and not for another, claim against Defendants, Varadam Foundation and Jaime Jalife, and in support hereof allege as follows:

### PARTIES

1.    Plaintiffs are ACE Capital and others underwriting at Lloyd's, severally subscribing to Policy No. A5BGLY170, a policy of hull and machinery and protection and indemnity insurance for the M/Y MAMMA MIA, issued to Varadam Foundation and/or Jaime Jalife for the period May 20, 2005 to May 20, 2006, as per mutual agreement.

2.    Defendant Varadam Foundation is a corporation organized under the laws of the State of Delaware and residing at 3511 Silverside Road, Suite 105, Wilmington, DE 19810.  At

PBH: 176575.1

1

all material times, Varadam Foundation was and is the registered owner of the M/Y Mamma Mia, was and is a named assured under the aforementioned policy of marine insurance, and is subject to the jurisdiction of the Honorable Court.

3.     Defendant Jaime Jalife is a person of full age of majority and a citizen of Mexico, who resides in Ahuehuetes, 110 Casa 67, Mexico D.F. 11000.  At all material times, Mr. Jalife was and is a named assured under the aforementioned policy of marine insurance, was and is doing business in the State of Delaware, and is subject to the jurisdiction of the Honorable Court.

## JURISDICTION AND VENUE

4.     The Honorable Court's jurisdiction is based upon the provisions of 28 U.S.C. § 1333.  This is an action for a declaration of the rights and obligations of the parties pursuant to 28 U.S.C. § 2201 which, arising out of a policy of marine insurance that is a maritime contract subject to the general maritime law of the United States, constitutes a claim for relief within the admiralty and maritime jurisdiction of this Honorable Court under 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Honorable Court's jurisdiction is also based upon the provisions of 28 U.S.C. § 1367(a) regarding supplemental jurisdiction.

5.     Venue is properly laid in the District of Delaware pursuant to 28 U.S.C. § 1391(b), (c) and (d), and the general maritime law of the United States.

## CLAIM FOR DECLARATORY RELIEF

6.     There is a real and substantial and controversy between the parties concerning

PBH: 176575.1

their rights and obligations with respect to insurance coverage under the aforementioned policy of marine insurance.

      7.     Plaintiffs issued Defendants a policy providing hull and machinery and protection and indemnity insurance for the M/Y MAMMA MIA for the period May 20, 2005 to May 20, 2006, as per mutual agreement. The hull and machinery coverage provided by the aforementioned policy is pursuant to the American Yacht form R.12, subject to various conditions, warranties, endorsements and amendments as set forth in the policy.

      8.     The coverage afforded under the aforementioned policy is subject to, inter alia, an express promissory warranty which provides:

> Inland and coastal waters of the east and Gulf Coast U.S.A. between Eastport, Maine and Brownsville, Texas, including Bermuda, the Bahamas and the Caribbean Sea, including Venezuela but excluding Cuba, Columbia and Haiti. Warranted not south of the Tropic of Cancer between 1st June and 31st October inclusive.
>
> Further noted and agreed, effective inception, the number of full-time paid crewmembers covered hereunder in increased from three (3) to four (4).

      9.     On June 6, 2005, Plaintiffs received notice by the assureds' agent, Alliance Marine Risk Managers, Inc., that the M/Y MAMMA MIA had grounded on a reef in the Gulf of Mexico off Puerto Aventuras, Mexico. At the time of the incident, the M/Y MAMMA MIA was south of the Tropic of Cancer and therefore outside the territorial limits specified in the aforementioned express promissory warranty.

      10.    On June 10, 2005, a reservation of rights letter was issued to the assureds on behalf of Plaintiffs.

11.    A dispute has arisen between Plaintiffs and Defendants with respect to whether there is coverage under the aforementioned policy for the property damage sustained by the M/Y MAMMA MIA, and for the costs and expenses associated with removal of the vessel and other incidental damages, by reason of the grounding.

12.    There is a justifiable controversy existing between Plaintiffs and Defendants which should be heard by this Honorable Court.

13.    There may be other or further facts or circumstances which invalidate coverage under the aforementioned policy, or which violate the terms, conditions or warranties contained therein, and Plaintiffs therefore reserve the right to raise such other claims to amend the Complaint as may be necessary.


WHEREFORE, Plaintiffs respectfully demand judgment against Defendants declaring that there is no coverage afforded under the aforementioned policy with respect to this incident and for such other and further relief as the Honorable Court may deem just and proper, including the costs of this action.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: June _17_, 2005

By: _____
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
Attorneys for Plaintiffs

PBH: 176575.1

4

Of Counsel:

Michael J. Maginnis, T.A.
  (La. Bar No. 8862)
José R. Cot
  (La. Bar No. 18852)
Maginnis & Hurley, APLC
365 Canal Street, Suite 2750
New Orleans, LA 70130
(504) 524-5353
(504) 524-5403 (fax)

PBH: 176575.1

5