UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS )<br>UNDERWRITING AT LLOYD'S )<br>SEVERALLY SUBSCRIBING TO)<br>POLICY NO. A5BGLY170        )<br>                                              )<br>     **Plaintiffs,**                    )<br>                                              )<br>vs.                                         )<br>                                              )<br>VARADAM FOUNDATION     )<br>and                                        )<br>JAIME JALIFE,                       )<br>                                              )<br>     **Defendants.**                 )<br>_____) | Case No. 1:05-cv-00413-SLR |

## ANSWER

Comes Now, Varadam Foundation (hereinafter "Varadam"), by and through undersigned counsel[1], to Answer Plaintiff's Complaint and states the following:

1. Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 1 of the Complaint and therefore denies same and demands strict proof thereof.

2. Varadam admits the factual allegations contained in Paragraph 2 of the Complaint.

3. Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 3 of the Complaint and therefore denies same and demands strict proof thereof.

4. Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 4 of the Complaint and therefore denies same and demands

---

[1] Varadam's counsel will file its Motion to Appear Pro Hac Vice within the time frame allowed by the Federal Rules of Civil Procedure as well as the Local Rules for the District Court of Delaware.

strict proof thereof.

5. Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 5 of the Complaint and therefore denies same and demands strict proof thereof.

6. Varadam admits the factual allegations contained in Paragraph 6 of the Complaint.

7. Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 7 of the Complaint and therefore denies same and demands strict proof thereof.

8. Varadam denies the allegations contained in Paragraph 8 of the Complaint.

9. Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 9 of the Complaint and therefore denies same and demands strict proof thereof.

10. Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 10 of the Complaint and therefore denies same and demands strict proof thereof.

11. Varadam admits the factual allegations contained in Paragraph 11 of the Complaint.

12. Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 12 of the Complaint and therefore denies same and demands strict proof thereof.

13. Varadam is without knowledge or information sufficient to form a belief

as to the truth of paragraph 13 of the Complaint and therefore denies same and demands strict proof thereof.

**Affirmative Defenses**

FIRST AFFRIMATIVE DEFENSE

As its first, separate and distinct affirmative defense, Varadam asserts that under the applicable insurance contract, it provisions and warranties Underwriters are obliged to cover the loss.

SECOND AFFIRMATIVE DEFENSE

As its second, separate and distinct affirmative defense, Varadam asserts that underwriters are equitably estopped from denying coverage of the loss.

THIRD AFFIRMATIVE DEFENSE

As its third, separate and distinct affirmative defense, Varadam asserts that underwriters are estopped under the doctrine of promissory estoppel from denying coverage under the loss.

FOURTH AFFIRMATIVE DEFENSE

As its fourth, separate and distinct affirmative defense, Varadam asserts that underwriters have failed to comply with certain provisions of the insurance contract, barring their ability to assert certain allegations in the Complaint.

FIFTH AFFIRMATIVE DEFENSE

As its fifth, separate and distinct affirmative defense, Varadam asserts that the warranties referenced in the Complaint by Underwriters were not in effect at the time of the loss.

SIXTH AFFIRMATIVE DEFENSE

As its sixth, separate and distinct affirmative defense, Varadam asserts that it was impossible to comply with certain warranties that are claimed to be in effect. Varadam does not waive its right to challenge whether the warranties, which were impossible to perform at the time of the loss, were in effect at the time of the loss.

## SEVENTH AFFIRMATIVE DEFENSE

As its seventh, separate and distinct affirmative defense, Varadam asserts that Underwriters are dealing in bad faith with the Defendant as Underwriters could not have conducted diligent investigation of the loss and made analysis of coverage before filing suit.

Dated: July 15, 2005

        Respectfully submitted,

        Moore & Co., P.A.
        Counsel for Varadam
        355 Alhambra Circle
        Suite 1100
        Coral Gables, Florida 33134
        Telephone: (786) 221-0600
        Facsimile: (786) 221-0601
        Email:  swagner@moore-and-co.net

        _____
        Scott A. Wagner, Esquire
        Florida Bar No. 10244
        Michael T. Moore, Esquire
        Florida Bar No. 207845

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS )<br>UNDERWRITING AT LLOYD'S )<br>SEVERALLY SUBSCRIBING TO)<br>POLICY NO. A5BGLY170   )<br>                           )<br>   Plaintiffs,            )<br>                           )<br>   vs.                     )<br>                           )<br>VARADAM FOUNDATION        )<br>and                        )<br>JAIME JALIFE,             )<br>                           )<br>   Defendants.            )<br>_____) | Case No. 1:05-cv-00413-SLR |

### AFFIDAVIT OF SERVICE

STATE OF FLORIDA           )
                           :SS
COUNTY OF MIAMI-DADE       )

BEFORE ME personally appeared the undersigned, Scott A. Wagner, who after been duly sworn, deposes and states as follows:

1. My name is Scott A. Wagner. I state that I am over 21-years of age and otherwise competent to make this Affidavit. The facts and circumstances set forth in this affidavit are true and correct and are based on my personal knowledge and the information available to me as an attorney at Moore & Company, P.A. My office is located at 355 Alhambra Circle, Suite 1100, Miami, Florida 33134.

2. Pursuant to United States District Court for the District of Delaware Local Rule 5.2(a), service of the foregoing document is made by overnight courier service, Federal Express, to:

a.  Michael B. McCauley (ID 2416)
    Palmer Biezup & Henderson, LLP
    1223 Foulk Road
    Wilmington, DE 19803
    (302) 594-0895
    (302) 478-7625 (fax)
    Attorneys for Plaintiffs

b.  Michael J. Maginnis, T.A.
    (La. Bar No. 8862)
    Jose J. Cot
    (La. Bar No. 18852)
    Maginnis & Hurley, APLC
    365 Canal Street, Suite 2750
    New Orleans, LA 70130
    (504) 524-5353
    (504) 524-5403 (fax)

**FURTHER AFFIANT SAYETH NOT.**

_____
Scott A. Wagner
Florida Bar No. 10244

SWORN TO AND SUBSCRIBED before me this 15th day of July, 2005, by Scott A. Wagner, who is personally known to me.

_____
NOTARY PUBLIC
State of Florida

Scott Gallimore
Commission # DD325382
Expires JUNE 02, 2008
350.5161

My Commission Expires: