UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS )<br>UNDERWRITING AT LLOYD'S )<br>SEVERALLY SUBSCRIBING TO)<br>POLICY NO. A5BGLY170        )<br>                                              )<br>Plaintiffs,                           )<br>                                              )<br>vs.                                         )<br>                                              )<br>VARADAM FOUNDATION        )<br>and                                         )<br>JAIME JALIFE,                       )<br>                                              )<br>Defendants.                         )<br>_____) | Case No. 1:05-cv-00413-SLR |

## MOTION TO TRANSFER VENUE BASED ON 28 U.S.C. § 1404

Comes Now, Varadam Foundation (hereinafter "Varadam"), by and through undersigned counsel[1] and pursuant to 28 U.S.C. § 1404, to respectfully move this Court to transfer venue of this action to the Southern District of Florida and states as grounds the following:

Memorandum of Law

Whether to permit the transfer of a case to another district or division under § 1404(a) is a matter which rests in the sound discretion of the Court. *Kaiser Industries Corp. v. Wheeling-Pittsburgh Steel Corp.*, 328 F. Supp. 365 (D.Del. 1971); *Berk v. Willys-Overland Motors, Inc.*, 107 F. Supp. 643, 644 (D. Del. 1952). 28 U.S.C. § 1404(a) sets forth three criteria for a court to consider in ordering transfer: convenience of the parties, convenience of witnesses, and the interests of justice. *Scovill Mfg. Co. v. Sunbeam Corp.*, 357 F. Supp. 943 (D.Del. 1973). Of the three statutory standards which

---

[1] Varadam's counsel will file its Motion to Appear Pro Hac Vice within the time frame allowed by the Federal Rules of Civil Procedure as well as the Local Rules for the District Court of Delaware.

must be considered on a motion for transfer under 28 U.S.C.S. § 1404(a), the interest of justice is the factor entitled to the greatest weight. *Id.* Moreover, when considering "a motion to transfer a case to another venue, the Third Circuit has not limited itself to the factors listed in 28 U.S.C.S. § 1404(a), instead requiring courts to consider the private and public interests protected by § 1404." *Jones Pharma, Inc. v. KV Pharm. Co.*, 2004 U.S. Dist. LEXIS 2333 (D.Del. 2004). The public interests include "the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest ..., [and] the public policies of the fora." *Id*, quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3rd Cir. 1995). Moreover, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3rd Cir. 1995), quoting 15 WRIGHT ET AL. § 3847.

Facts

On June 20, 2005 Ace Capital and Others Underwriting At Lloyd's Severally Subscribing To Policy No. A5BGLY170 (hereinafter "Underwriters") filed in this Court a Declaratory Action against Defendants Varadam Foundation and Jaime Jalife (hereinafter "Delaware Action"). Defendant, Varadam Foundation, a Delaware corporation, was served with process of the lawsuit through its Registered Corporate Agent Yacht Registry, Ltd., located at 3511 Silverside Road Suite 105, Wilmington, Delaware, 19810. To the best of Varadam's knowledge, no other Defendant has been served with process. On July 15, 2005 Varadam received knowledge that Defendant

Jaime Jalife filed a Declaratory Action against Underwriters in the Southern District of Florida (hereinafter "Florida Action"). The Delaware action and the Florida action arise from the identical set of facts.

The Delaware and Florida actions arise from the June 5, 2005 loss of the Vessel "Mamma Mia" in the Caribbean Sea off Puerto Aventuras, Mexico. Underwriters insured the Vessel "Mamma Mia". Varadam Foundation, as Record Owner of the Vessel, is one insured under that Policy. Varadam is a single purpose Delaware corporation created for the sole purpose of holding a single asset, the Vessel "Mamma Mia". Jaime Jalife, a citizen of the country of Mexico, is the beneficial owner of the Vessel. He has no contacts with the State of Delaware, does not conduct business in Delaware and had never been to Delaware. His sole tie to Delaware is that he is the one hundred percent shareholder of the Varadam Foundation.

On the other hand, Mr. Jalife, the beneficial owner of the Vessel, has substantial interests in the Southern District of Florida and has filed a sister suit in the Southern District of Florida. Mr. Jalife personally conducts business in Miami. Mr. Jalife is a partner in a corporation that conducts construction and real estate business in Miami. The subject Vessel has traveled throughout the Southern District of Florida. The Vessel was on its way to Miami before the loss. Moreover, Miami was to be the new home port of the Vessel. Plaintiff and Defendant do business within the Southern District of Florida. The pertinent insurance brokers have a principal office within the Southern District of Florida. The Southern District of Florida is best suited for the convenience of the parties and witnesses and will promote the just and efficient conduct of this action. Almost all of the material witnesses are from Mexico and are Spanish-speaking. Travel

between the country of Mexico and the Southern District of Florida is more efficient, less expensive, more frequent and less burdensome than travel from Mexico to Delaware. A recent internet search of travel between Cancun and Miami showed many inexpensive direct flights by many different carriers everyday. A recent internet search for travel between Cancun, Mexico and Wilmington, Delaware showed expensive and infrequent flights by fewer air carriers with no direct flights. Spanish translators are also in more abundance in Miami than they area in Delaware. Moreover, the sister case recently filed by Jaime Jalife in the Southern District of Florida should serve as another major factor warranting transfer. The filing of the action in Delaware by Underwriters as a preemptive strike by Underwriters is contrary to the spirit and meaning of the policy. The insureds are the parties who suffered the loss. Insureds are the aggrieved parties, not Underwriters. The overall interests of justice convenience to the parties and convenience to the witnesses all heavily favor the Southern District of Florida.

Most importantly, the Underwriters agreed to submit to any Court of competent jurisdiction within the United States of America "at the request of the Assured." (See Attached Service of Suit Clause from the Relevant Policy). Pursuant to the clause of the relevant policy, Varadam now requests the Underwriters submit to the jurisdiction of the Southern District of Florida.

The movant has carried its burden because transfer to the Southern District of Florida is proper under the factual scenario at bar when the Court takes into consideration the interest of justice, the convenience to the parties, the convenience to the witnesses, the practical considerations that could make the trial easy, expeditious, and inexpensive and the difficulty of trying two sister cases in two separate forums. Moreover,

Underwriters have agreed in their policy to "submit to the jurisdiction of a court of competent jurisdiction within the United States of America" if requested by Varadam. As such, this case should be transferred to the Southern District of Florida.

Dated: July 20, 2005

Respectfully submitted,

Moore & Co., P.A.
Counsel for Varadam
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: swagner@moore-and-co.net

Scott A. Wagner, Esquire
Florida Bar No. 10244
Michael T. Moore, Esquire
Florida Bar No. 207845

## INSTITUTE SERVICE OF SUIT CLAUSE (U.S.A.)

It is agreed that in the event of the failure of the Underwriters severally subscribing this insurance (the Underwriters) to pay any amount claimed to be due hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of the Underwriter's rights to remove an action to a United States Federal District Court or to seek remand therefrom or to seek a transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

Subject to the Underwriters' rights set forth above:

(a)  It is further agreed that the Assured may serve process upon any senior partner in the firm of:
    MENDES & MOUNT (Attorneys), 750 Seventh Avenue, New York, N.Y. 10016

(b)  The above named are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon the Underwriters' behalf in the event such a suit shall be instituted.

(c)  The right of the Assured to bring suit as provided herein shall be limited to a suit brought in its own name and for its own account. For the purpose of suit as herein provided the word Assured includes any mortgagee under a ship mortgage which is specifically named as a loss payee in this insurance and any person succeeding to the rights of any such mortgagee.

(d)  Further, pursuant to any statute of any state, territory or district of the United States of America which makes provision therefor, Underwriters hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the stature, or his successor or successors in office (the Officer), as their true and lawful attorney upon whom may be served any lawful process in any action, suit of proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above named as the person to whom the Officer is authorized to mail such process or a true copy thereof.

If this clause is attached to a contract of reinsurance the terms insurance and Assured shall mean reinsurance and Reassured respectively.

CL. 355

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ACE CAPITAL AND OTHERS )
UNDERWRITING AT LLOYD'S )
SEVERALLY SUBSCRIBING TO )
POLICY NO. A5BGLY170 )    Case No. 1:05-cv-00413-SLR
)
   Plaintiffs, )
)
vs. )
)
VARADAM FOUNDATION )
and )
JAIME JALIFE, )
)
   Defendants. )
_____ )

## AFFIDAVIT OF SERVICE

STATE OF FLORIDA      )
                      :SS
COUNTY OF MIAMI-DADE  )

BEFORE ME personally appeared the undersigned, Scott A. Wagner, who after been duly sworn, deposes and states as follows:

1. My name is Scott A. Wagner. I state that I am over 21-years of age and otherwise competent to make this Affidavit. The facts and circumstances set forth in this affidavit are true and correct and are based on my personal knowledge and the information available to me as an attorney at Moore & Company, P.A. My office is located at 355 Alhambra Circle, Suite 1100, Miami, Florida 33134.

2. Pursuant to United States District Court for the District of Delaware Local Rule 5.2(a), service of the foregoing document is made by overnight courier service, Federal Express, to:

a.  Michael B. McCauley (ID 2416)
    Palmer Biezup & Henderson, LLP
    1223 Foulk Road
    Wilmington, DE 19803
    (302) 594-0895
    (302) 478-7625 (fax)
    Attorneys for Plaintiffs

b.  Michael J. Maginnis, T.A.
    (La. Bar No. 8862)
    Jose J. Cot
    (La. Bar No. 18852)
    Maginnis & Hurley, APLC
    365 Canal Street, Suite 2750
    New Orleans, LA 70130
    (504) 524-5353
    (504) 524-5403 (fax)

**FURTHER AFFIANT SAYETH NOT.**

_____
Scott A. Wagner
Florida Bar No. 10244

SWORN TO AND SUBSCRIBED before me this 20th day of July, 2005, by Scott A. Wagner, who is personally known to me.

_____
NOTARY PUBLIC
State of Florida

Scott Gallimore
Commission # DD325382
Expires: JUNE 02, 2008
Agent 1.800.350.5161

My Commission Expires: