# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACE CAPITAL AND OTHERS | ) | |
| UNDERWRITING AT LLOYD'S, | ) | |
| SEVERALLY SUBSCRIBING TO | ) | CIVIL ACTION NO.  05-413-SLR |
| POLICY NO. A5BGLY170, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VARADAM FOUNDATION | ) | |
| and | ) | |
| JAIME JALIFE, | ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN OPPOSITION TO VARADAM FOUNDATION'S MOTION TO TRANSFER VENUE BASED ON 28 U.S.C. § 1404

Date: August 5, 2005

PALMER BIEZUP & HENDERSON LLP
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com
Attorneys for Plaintiffs, ACE Capital *et al.*

**D.I. 6**
**Filed August 5, 2005**

# TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i-ii

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      I.    Since Varadam does not establish or even allege that this
           action "might have been brought" in the Southern District
           of Florida in the first instance, an express requirement of
           § 1404(a) is not satisfied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      II.   Varadam does not establish that the balance of convenience and
           the interests of justice weigh strongly in favor of the proposed
           transfer, and thus fails to meet its burden under § 1404(a). . . . . . . . . . . . 4

      III.  The "service of suit" clause in the policy does not mandate a
           transfer; to the contrary, it confirms Underwriters' right to
           maintain this action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Copenhagen Reinsurance Co. v. Sargeant Marine, Inc.*,
No. 98-1476, 1998 U.S. Dist. LEXIS 8908 (S.D.N.Y. June 17, 1998) . . . . . . . . . . . 8

*Hoffman v. Blaski*, 363 U.S. 335 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*International Insurance Co. v. McDermott Inc.*,
956 F.2d 93, 1992 AMC 2594 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kuck v. Veritas Software Corp.*,
No. 04-831, 2005 U.S. Dist. LEXIS 823 (D. Del. Jan. 5, 2005) . . . . . . . . . . . . . . 5, 6

*Market Transition Facility of N.J. v. Twena*, 941 F. Supp. 462 (D.N.J. 1996) . . . . . . 5, 6

*Millipore Corp. v. University Patents, Inc.*, 682 F. Supp. 227 (D. Del. 1987) . . . . . . . . . 4

*Reliance Insurance Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49 (S.D.N.Y. 2001) . . . . . . 6, 7

*Royal Insurance Co. v. Packaging Coordinators, Inc.*,
No. 00-3231, 2000 U.S. Dist. LEXIS 14174 (E.D. Pa. Sept. 29, 2000) . . . . . . . . . . 7

*Scheidt v. Randolph*, 956 F.2d 963 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Siemens Medical Systems, Inc. v. Fonar Corp.*,
No. 95-261, 1995 U.S. Dist. LEXIS 22334 (D. Del. Apr. 27, 1995) . . . . . . . . . . . . 5

*Stratos Lightwave, Inc. v. E2O Communications, Inc.*,
No. 01-309, 2002 U.S. Dist. LEXIS 5653 (D. Del. Mar. 26, 2002) . . . . . . . . . . . . 5

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28 (3d Cir. 1993) . . . . . . . . . . . 3

*Tsoukanelis v. Country Pure Foods, Inc.*, 337 F. Supp. 2d 600 (D. Del. 2004) . . . . 4, 5, 6

*United States v. Scott & Williams, Inc.*, 88 F. Supp. 531 (S.D.N.Y. 1950) . . . . . . . . . . . 6

PBH: 177509.1

**FEDERAL STATUTES**

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 3, 4

**LOCAL RULES**

D. Del. Civ. Rule 7.1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

D. Del. Civ. Rule 7.1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

PBH: 177509.1

Plaintiffs, ACE Capital and others underwriting at Lloyd's, severally subscribing to Policy No. A5BGLY170, each for itself and not for another (collectively "Underwriters"), respectfully submit this Brief in Opposition to Varadam Foundation's Motion to Transfer Venue Based on 28 U.S.C. § 1404 (D.I. 3).

## NATURE AND STAGE OF PROCEEDING

This is an action for declaratory relief.  Underwriters subscribed a policy of marine insurance on the motor yacht MAMMA MIA, which ran aground off Puerto Aventuras, Mexico, outside the warranted navigational limits specified in the policy.  On June 20, 2005, Underwriters filed this action against Varadam Foundation and Jaime Jalife, seeking a declaration that the policy affords no coverage for the casualty.  Varadam and Mr. Jalife are named as assureds in the policy.  Varadam, the yacht's registered owner, is a Delaware corporation, and was served with the summons and complaint through its Delaware registered agent, Yacht Registry, Ltd.  Underwriters are in the process of effecting service on Mr. Jalife, a citizen of Mexico.

On July 15, 2005, Mr. Jalife filed a complaint for declaratory relief against Underwriters in the United States District Court for the Southern District of Florida, *Jalife v. Ace Capital et al.* (No. 05-21918).  In that action, Mr. Jalife seeks a declaration of coverage and alleges breach of contract.

PBH: 177509.1

1

Varadam has moved[1] this Court for an order under 28 U.S.C. § 1404(a) transferring this action to the Southern District of Florida.  For the reasons that follow, the motion should be denied.

## SUMMARY OF ARGUMENT

1.      Since Varadam does not establish or even allege that this action "might have been brought" in the Southern District of Florida in the first instance, an express requirement of § 1404(a) is not satisfied.

2.      Varadam does not establish that the balance of convenience and the interests of justice weigh strongly in favor of the proposed transfer, and thus fails to meet its burden under § 1404(a).

3.      The "service of suit" clause in the policy does not mandate a transfer; to the contrary, it confirms Underwriters' right to maintain this action.

## FACTS

Plaintiff underwriters subscribed a policy of marine insurance on the motor yacht MAMMA MIA, which ran aground off the Yucatan Peninsula in June 2005, in breach of the warranted navigational limits specified in the policy.  On June 20, 2005, Underwriters

---

[1]Varadam's motion fails to include the certification required by Local Rule 7.1.1, which directs the movant's counsel to make "a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion."  No such effort was made in this case, and as a general rule, "the Court will not entertain any non-dispositive motion" filed without the certification.  *Id.*  Nor has Varadam complied with the briefing requirements of Local Rule 7.1.3.

filed this action against Defendants, named assureds under the policy, seeking a declaration that the loss was not covered. Defendant Varadam is a Delaware corporation and is the registered owner of the vessel; Defendant Jalife is a citizen of Mexico and, according to Varadam's Motion, is Varadam's sole shareholder. Motion at 3. On June 20, 2005, Varadam was served with process through its Delaware registered agent, and on July 18, 2005, it filed an answer to the complaint (D.I. 2). Underwriters are in the process of effecting service on Mr. Jalife.

On July 15, 2005, twenty-five days after Underwriters filed this action, Mr. Jalife filed a complaint for declaratory relief against Underwriters in the United States District Court for the Southern District of Florida, *Jalife v. Ace Capital et al.* (No. 05-21918), seeking a declaration of coverage and alleging a breach of contract. Varadam is not a party to the Florida action.

## ARGUMENT

I.    **Since Varadam does not establish or even allege that this action "might have been brought" in the Southern District of Florida in the first instance, an express requirement of § 1404(a) is not satisfied.**

As an initial matter, a transfer may be ordered under § 1404(a) only if the action "might have been brought" in the transferee court. The party advocating the transfer must establish that venue would have been proper in the transferee court, and that all defendants would have been subject to personal jurisdiction there had the plaintiff elected to file in that forum at the outset. *Hoffman v. Blaski*, 363 U.S. 335, 342-44 (1960); *see also Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33 (3d Cir. 1993). In

other words, the transferee court must be one in which the plaintiff could have properly

sued all defendants, even without their consent. Even a defendant's willingness to waive

any venue objections and jurisdictional defenses in the transferee forum is not sufficient

to satisfy § 1404(a) since "the power of a District Court under § 1404(a) to transfer an

action to another district is made to depend not upon the wish or waiver of the defendant

but, rather, upon whether the transferee district was one in which the action 'might have

been brought' by the plaintiff." *Hoffman*, 363 U.S. at 343-44.

Given that Varadam takes no position as to whether it would have been subject to

suit in Florida in the first instance,[2] its motion should be denied on this basis alone. *See*

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970); *Millipore Corp. v.*

*University Patents, Inc.*, 682 F. Supp. 227, 233-35 (D. Del. 1987).

**II.    Varadam does not establish that the balance of convenience and the interests of justice weigh strongly in favor of the proposed transfer, and thus fails to meet its burden under § 1404(a).**

A defendant seeking a transfer under 1404(a) has the burden of establishing that

the balance of convenience is *strongly* in its favor. *Shutte v. Armco Steel Corp.*, 431 F.2d

22, 25 (3d Cir. 1970). "To this end, defendants brought into suit in Delaware must prove

that litigating in Delaware would pose a unique or unusual burden on their operations for

a Delaware court to transfer venue." *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F.

---

[2]Varadam avers generally that "Plaintiff and Defendant do business within the Southern District of Florida," but it is not clear whether the term "Defendant" refers to Varadam or Mr. Jalife or both. Motion at 3.

Supp. 2d 600, 603 (D. Del. 2004) (quotations and citation omitted).  The plaintiff's

choice of forum receives "substantial deference and should not be lightly disturbed . . .

and a transfer will be denied if the factors are evenly balanced or weigh only slightly in

favor of transfer."  *Stratos Lightwave, Inc. v. E2O Communications, Inc.*, No. 01-309,

2002 U.S. Dist. LEXIS 5653, at *5 (D. Del. Mar. 26, 2002) (citations omitted).

 With regard to the conveniences of the parties, when a defendant such as Varadam

chooses Delaware as its state of incorporation, it cannot be heard to complain later that

"litigation in Delaware is too burdensome and warrants a transfer of venue without

putting forth more than the argument that [the transferee court] is a more convenient

forum for it."  *Tsoukanelis*, 337 F. Supp. 2d at 604; *see also Stratos Lightwave*, 2002 U.S.

Dist. LEXIS 5653, at *7; *Kuck v. Veritas Software Corp.*, No. 04-831, 2005 U.S. Dist.

LEXIS 823, at * 7 (D. Del. Jan. 5, 2005); *Siemens Medical Systems, Inc. v. Fonar Corp.*,

No. 95-261, 1995 U.S. Dist. LEXIS 22334, at *10 (D. Del. Apr. 27, 1995) (since

defendant was incorporated in Delaware, substantial deference was given to plaintiff's

choice of Delaware forum even where plaintiff was incorporated elsewhere).

 Moreover, it is well settled that a transfer is not warranted if it would merely shift

the balance of inconveniences from one party to the other.  *Market Transition Facility of*

*N.J. v. Twena*, 941 F. Supp. 462, 467 (D.N.J. 1996) (citation omitted); *Scheidt v.*

*Randolph*, 956 F.2d 963, 966 (10th Cir. 1992).  Here, Varadam avers only that the federal

court in Miami "is best suited for the convenience of the parties," Motion at 3, without

identifying any tangible hardships that will result if the case remains in Delaware, the

state in which it chose to incorporate.  Although Varadam's attorneys are based in Coral

Gables, Florida, the convenience of counsel is not a factor to be considered under § 1404(a). *Market Transition*, 941 F. Supp. at 468; *United States v. Scott & Williams, Inc.*, 88 F. Supp. 531, 535 (S.D.N.Y. 1950).

 With regard to the conveniences of witnesses, the burden is again on Varadam to name those witnesses who will be unduly inconvenienced in the absence of transfer, to describe their expected testimony and its materiality to the dispute, to demonstrate that deposition testimony in lieu of live testimony would be inadequate, and to establish that the transferee's court's subpoena power may be necessary to secure their appearance. *Scheidt*, 956 F.2d at 966; *Reliance Insurance Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 58-59 (S.D.N.Y. 2001) (denying transfer of insurer's first-filed declaratory judgment action where insured merely submitted a list of possible witnesses without specifying which of them would be called to appear at trial or what their testimony would be). Varadam's Motion refers only generally to "material witnesses . . . from Mexico" without stating why such witnesses are material to the coverage dispute, or that they are willing (or may be compelled) to give testimony in Miami but not in Delaware.[3] *See Tsoukanelis v. Country Pure Foods, Inc.*, 337 F. Supp. 2d 600, 604 (D. Del. 2004) (denial of transfer warranted where movant does not specifically identify those witnesses who would be unavailable for trial in the plaintiff's chosen forum); *see also Kuck v. Veritas Software Corp.*, No. 04-831, 2005 U.S. Dist. LEXIS 823, at * 8 (D. Del. Jan. 5, 2005) (noting that

---

 [3]While Varadam mentions that the "pertinent insurance brokers have a principal office within the Southern District of Florida," Motion at 3, the brokers who acted on Varadam's behalf in procuring the instant insurance from Underwriters are in fact located in New York.

defendants had failed to produce "specific information about problems of certain witnesses being unavailable or unwilling to travel to Delaware for trial" and observing that discovery could be conducted "at any location convenient to the parties" even though the case remained in Delaware).

Finally, with regard to the interest of justice factor, Varadam cites "the difficulty of trying two sister cases in two separate forums" as an additional basis for transferring the first-filed Delaware action to the Southern District of Florida. Motion at 4. Inasmuch as this "difficulty" was created by Mr. Jalife, it cannot be relied upon as a basis for transfer. *Reliance Insurance Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 60 (S.D.N.Y. 2001) (observing that the insured, if truly concerned about judicial economy, would have filed its counterclaim for breach of contract in the insurer's declaratory judgment action rather than instituting a separate action elsewhere); *see generally Royal Insurance Co. v. Packaging Coordinators, Inc.*, No. 00-3231, 2000 U.S. Dist. LEXIS 14174 (E.D. Pa. Sept. 29, 2000) (discussing the "first-filed" rule and denying transfer of insurer's declaratory judgment action to court in which the insured had subsequently commenced competing litigation against the insurer).

**III.    The "service of suit" clause in the policy does not mandate a transfer; to the contrary, it confirms Underwriters' right to maintain this action.**

The service of suit clause provides, in pertinent part:

> It is agreed that in the event of the failure of the Underwriters severally subscribing this insurance (the Underwriters) to pay any amount claimed to be due hereunder, the Underwriters, at the

> request of the Assured, will submit to the jurisdiction of a court of
> competent jurisdiction within the United States of America.
>
> Notwithstanding any provision elsewhere in this insurance relating
> to jurisdiction, it is agreed that the Underwriters have the right to
> commence an action in any court of competent jurisdiction in the
> United States of America . . . .
>
> (Exhibit to Varadam's Motion).

Thus, Defendants expressly consented to Underwriters' bringing this suit, and contrary to Varadam's suggestion, this clause "significantly weighs in favor of denying the motion to transfer." *Copenhagen Reinsurance Co. v. Sargeant Marine, Inc.*, No. 98-1476, 1998 U.S. Dist. LEXIS 8908, at *9 (S.D.N.Y. June 17, 1998) (denying insured's motion to transfer to the Southern District of Florida where policy's service of suit clause stated that "Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America"); *see also International Insurance Co. v. McDermott Inc.*, 956 F.2d 93, 1992 AMC 2594 (5th Cir. 1992) (provision that "Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America" does not preclude Underwriters from filing and maintaining a declaratory judgment action in the forum of their choosing).

## CONCLUSION

For all the foregoing reasons, Underwriters respectfully request that Varadam

Foundation's Motion to Transfer Venue Based on 28 U.S.C. § 1404 (D.I. 3) be denied.


Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP


Date: August 5, 2005                    By:    /s/ Michael B. McCauley
                                               Michael B. McCauley (ID 2416)
                                               1223 Foulk Road
                                               Wilmington, DE 19803
                                               (302) 594-0895
                                               (302) 478 7625 (fax)
                                               mccauley@pbh.com
                                               Attorneys for Plaintiffs,
                                               ACE Capital *et al.*


Of Counsel:

Michael J. Maginnis, T.A.
  (La. Bar No. 8862)
José R. Cot
  (La. Bar No. 18852)
Maginnis & Hurley, APLC
365 Canal Street, Suite 2750
New Orleans, LA 70130
(504) 524-5353
(504) 524-5403 (fax)