UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS ) <br> UNDERWRITING AT LLOYD'S ) <br> SEVERALLY SUBSCRIBING TO) <br> POLICY NO. A5BGLY170          ) <br>                                                    ) <br>        Plaintiffs,                      ) <br>                                                    ) <br>        vs.                                      ) <br>                                                    ) <br> VARADAM FOUNDATION          ) <br> and                                            ) <br> JAIME JALIFE,                          ) <br>                                                    ) <br>        Defendants.                    ) <br> _____) | Case No. 1:05-cv-00413-SLR |

**DEFENDANT, VARADAM FOUNDATION'S REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO VARADAM FOUNDATION'S MOTION TO TRANSFER**

Date: August 15, 2005

THE BAYARD FIRM

Daniel K. Astin (#4068)
dastin@bayardfirm.com
Peter B. Ladig (#3513)
pladig@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
Attorneys for Varadam Foundation

# **TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................. i

Argument ........................................................................................................................ 1

    I.    Varadam has clearly established that the action might have been brought in the Southern District of Florida by citing the relevant provision of the insurance policy. ............................................................................................................... 1

    II.    Under applicable law, the service of suit clause binds the Underwriters to submission to the Southern District of Florida. ................................................. 2

    III.    If the Court determines that the insurance policy should be construed in favor of the Underwriters' rather than the insured, then the facts as applied to the applicable principles of 28 U.S.C. § 1404 authorize and require this Court to grant Varadam's Motion to Transfer. ............................................................... 7

Conclusion ..................................................................................................................... 9

# TABLE OF CITATIONS

28 U.S.C. § 1404 .................................................................................................. 1, 7, 9, 10

*Aetna Cas. and Sur. Co. v. Kenner*, 570 A.2d 1172, 1174 (Del. 1990) ............................. 5

*Alstrin v. St. Paul Mercury Ins. Co.*, 179 F. Supp. 2d 376 (D.Del. 2002) ..................... 6, 7

*Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 86 L. Ed. 1620, 62 S. Ct. 1173 (1942) ............................................................................................................ 4

*Casualty and Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937) ............................ 4

*Casualty Indem. Exchange v. High Croft Enterprises, Inc.*, 714 F. Supp. 1190 (S.D. Fla. 1979) .......................................................................................................................... 3, 4

*Cinema Amusements, Inc. v. Loew's Inc.*, 85 F. Supp. 319, 326 (D. Del. 1949) ................ 8

*Delledonne v. State Farm Mut. Auto. Ins.*, 621 A.2d 350 (Del. Super. Ct. 1992) .............. 5

*Firemen's Insurance Co. of Newark, New Jersey v. Riley*, 322 F. Supp. 349, 351 (W.D. Ky. 1971) ..................................................................................................................... 4

*Franklin Life Insurance Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946) ................... 4

*Hallowell v. State Farm Mut. Auto. Ins. Co.*, 443 A.2d 925, 926 (Del. 1982) ................... 5

*High Croft*, 714 F. Supp. 1190 (S.D. Fla. 1979) ............................................................. 4

*Inter--City Products Corporation (USA) v. Insurance Company of North America*, 1993 U.S. Dist. LEXIS 886 (D.Del. 1993) ........................................................................... 8

*New Castle County, Del. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 174 F.3d 338, 344 (3d Cir. 1999) ................................................................................................ 5

*Oglesby v. Penn Mut. Life Ins. Co.*, 877 F. Supp. 872 (D.Del. 1994) ........................... 5, 6

*Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York*, 519 F. Supp. 668, 672 (D. Del. 1981) ....................................................................................................... 6

*Public Affairs Associates Inc. v. Rickover*, 369 U.S. 111, 7 L. Ed. 2d 604, 82 S. Ct. 580 (1962) ........................................................................................................................... 4

*Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961) ............................................ 4

*Sherman v. Underwriters at Lloyd's, London*, 1999 Del. Super. LEXIS 470, No. Civ.A.97M-09-028, 1999 WL 1223759, *3 (Del. Super. Ct. Nov. 2, 1999) .................. 6

*State Farm Fire and Cas. Co. v. Taylor*, 118 F.R.D. 426, 429 (M.D.N.C. 1988) .............. 4

*Steigler v. Insurance Co. of North America*, 384 A.2d 398, 401 (Del. 1978) ................... 5

*Tumey v. Home Owners Warranty Corp.*, C.A. No. 89 C-JN-47, 1991 WL 53450 (Del. Super. Ct. 1991) ................................................................................................................5

*Valley Forge Ins. Co. v. Jefferson*, 628 F. Supp. 502 (D.Del. 1996) ...................................3

## Summary of the Argument

Varadam has clearly established that the action might have been brought in the Southern District of Florida by citing the relevant provision of the insurance policy.

Under applicable law, the service of suit clause binds the Underwriters to submission to the Southern District of Florida at the Request of the insured.

If the Court determines that the insurance policy should be construed in favor of the Underwriters' rather than the insured, then the facts as applied to the applicable principles of 28 U.S.C. § 1404 authorize and require this Court to grant Varadam's Motion to Transfer.

## Argument

**I.    Varadam has clearly established that the action might have been brought in the Southern District of Florida by citing the relevant provision of the insurance policy.**

Underwriters argue in their Response that Varadam has not established that this action could have been brought in the District Court for the Southern District of Florida.

However, the relevant service of suit clause was attached to Varadam's Motion to Transfer. This Service of Suit clause, which was drafted by the Underwriters, states "at the failure of the Underwriters severally subscribing this insurance (the Underwriters) to pay any amount claimed hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America."

This section clearly establishes that this action could have been brought in the District Court for the Southern District of Florida as that Court is a court of competent jurisdiction within the United States of America.

As such, Underwriters contention that Varadam did not establish in its Motion that this cause of action could have been brought in the Southern District of Florida is false.

II.  **Under applicable law, the service of suit clause binds the Underwriters to submission to the Southern District of Florida.**

The relevant part of the service of suit clause in the insurance policy drafted by the Underwriters states the following:

> It is agreed that in the event of the failure of the Underwriters severally subscribing this insurance (the Underwriters) to pay any amount claimed to be due hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.
>
> Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America ...

The Underwriters argue that once the Underwriters commence an action in whatever U.S. court they see fit, the insured cannot ask and/or enforce their request for the Underwriters submit to another court.

On the other hand, Varadam argues that the insurance policy does not restrict or qualify when an insured can request transfer of the case and that the insured has the option under the policy (1) to file an action in a U.S. court of its choosing or (2) after receiving service of suit by the Underwriters request transfer to another Court of competent jurisdiction in the United States.

At the very least this provision is ambiguous and must be construed in favor of Varadam. "Ambiguity exists when the language in a contract permits two or more reasonable interpretations." *Valley Forge Ins. Co. v. Jefferson*, 628 F. Supp. 502 (D.Del.

2

1996). It has been the long standing law of this Circuit and State that ambiguities in insurance contracts must be resolved in favor of the insured.

"If there is some ambiguity in the policy language, an insurance contract will be construed strongly against the insurer, who drafted the language, and in favor of the insured. *Valley Forge Ins. Co. v. Jefferson*, 628 F. Supp. 502 (D.Del. 1996).

Here there are two or more reasonable interpretations. The Underwriters interpret the provision of the contract to mean that once the insurer files a claim under the policy, the insured is at that point precluded from requiring the insurer from submitting to a district of the insured's choice by request under the policy. The insured reads the policy as requiring the Underwriters to submit to a jurisdiction of the insured's choice at the insured's request, regardless of whether the request occurs before or after the filing of an action. Simply because the Underwriters race to the courthouse in an effort to file a preemptive lawsuit does not mean that the insurer can deny a request to transfer to another Court, as required under the insurance policy.

First off, the aggrieved party, Varadam, did not have the option to file this lawsuit as the Underwriters raced to the courthouse to edge out an injured party. In many respects this action is upside down. *Casualty Indem. Exchange v. High Croft Enterprises, Inc.*, 714 F. Supp. 1190 (S.D. Fla. 1979). The plaintiff is the defendant's insurer who, after denying coverage on plaintiff's claim, brought this declaratory judgment action. *Casualty Indem. Exchange v. High Croft Enterprises, Inc.*, 714 F. Supp. 1190 (S.D. Fla. 1979).

A court always has discretion as to whether to entertain an action for a declaratory judgment. See *Casualty Indem. Exchange v. High Croft Enterprises, Inc.*, 714 F. Supp.

3

1190 (S.D. Fla. 1979), citing *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 86 L. Ed. 1620, 62 S. Ct. 1173 (1942); *Public Affairs Associates Inc. v. Rickover*, 369 U.S. 111, 7 L. Ed. 2d 604, 82 S. Ct. 580 (1962). In exercising this discretion, a court must balance the plaintiff's needs for and the consequences of declaratory relief in the context of the purposes of the declaratory judgment remedy. *See High Croft,* citing *State Farm Fire and Cas. Co. v. Taylor*, 118 F.R.D. 426, 429 (M.D.N.C. 1988)

When a party files a declaratory judgment action <u>for purposes of "procedural fencing,"</u> a court should exercise its discretion and dismiss the case. See *High Croft*, 714 F. Supp. 1190 (S.D. Fla. 1979); *Franklin Life Insurance Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946); *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961); *Firemen's Insurance Co. of Newark, New Jersey v. Riley*, 322 F. Supp. 349, 351 (W.D. Ky. 1971).

The purpose behind the Declaratory Judgment Act is to afford <u>a new form</u> of relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Id.* (citing *Casualty and Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)). <u>The Act's remedy should not be utilized for the purpose of anticipating the trial of an issue in a court of coordinate jurisdiction.</u> See *Firemen's Insurance Co. of Newark, New Jersey v. Riley*, 322 F. Supp. at 352. Moreover, the declaratory remedy is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse. *See Taylor*, 118 F.R.D. at 431.

Further, Delaware courts have formulated special rules of contract construction for insurance policies which differ from those applied to most other contracts. *Oglesby v. Penn Mut. Life Ins. Co.*, 877 F. Supp. 872 (D.Del. 1994); *Hallowell v. State Farm Mut. Auto. Ins. Co.*, 443 A.2d 925, 926 (Del. 1982). If there is any ambiguity in the policy, it must be resolved in favor of the insured and against the insurer that drafted the policy. *Aetna Cas. and Sur. Co. v. Kenner*, 570 A.2d 1172, 1174 (Del. 1990).

When presented with ambiguous insurance provisions, Delaware courts have adhered to the rule of *contra proferentum*, consistently construing ambiguities in favor of the insured as a matter of law. *See* e.g., *Delledonne v. State Farm Mut. Auto. Ins.*, 621 A.2d 350 (Del. Super. Ct. 1992); *Tumey v. Home Owners Warranty Corp.*, C.A. No. 89 C-JN-47, 1991 WL 53450 (Del. Super. Ct. 1991).

In addition, "an insurance contract should be read to accord with the reasonable expectations of the purchaser so far as the language will permit." *Steigler v. Insurance Co. of North America*, 384 A.2d 398, 401 (Del. 1978). Where an ambiguity does exist, the ambiguity is generally resolved in favor of the insured and against the insurer. *See New Castle County, Del. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 174 F.3d 338, 344 (3d Cir. 1999). Due to the insurer's dominant position, when an ambiguity is found in insurance policy language, the Courts must construe the language against the insurer as a matter of Delaware law. *Id.*

Courts have further explained that "the insurer . . . is the entity in control of the process of articulating the terms [of an insurance contract]. The other party . . . usually has very little to say about those terms except to take them or leave them or to select from limited options offered by the insurer. . . . Therefore, it is incumbent upon the dominant

5

party to make the terms clear. Convoluted or confusing terms are the problem of the insurer. . .-- not the insured . . . ." *See Alstrin v. St. Paul Mercury Ins. Co.*, 179 F. Supp. 2d 376 (D.Del. 2002), citing *Penn Mut. Life Ins. Co.*, 695 A.2d at 1149-50.

The rationale behind this, so called, "contra-insurer" rule of construction is based upon a presumption that insurance contracts are contracts of adhesion where the insurer holds a dominant bargaining position with respect to the substantive terms of the coverage. *Alstrin v. St. Paul Mercury Ins. Co.*, 179 F. Supp. 2d 376 (D.Del. 2002); *see also Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York*, 519 F. Supp. 668, 672 (D. Del. 1981).

Delaware courts continue to strictly construe ambiguities within insurance contracts against the insurer and in favor of the insured in situations where the insurer drafted the language that is being interpreted. *Oglesby v. Penn Mut. Life Ins. Co.*, 877 F. Supp. 872 (D. Del. 1994)

In the insurance policy context, such a rule reduces an insurance company's incentive to construct a policy where certain provisions purport to give coverage while other clauses take that very coverage away. *Alstrin v. St. Paul Mercury Ins. Co.*, 179 F. Supp. 2d 376 (D.Del. 2002); *also see* e.g., *Sherman v. Underwriters at Lloyd's, London*, 1999 Del. Super. LEXIS 470, No. Civ.A.97M-09-028, 1999 WL 1223759, *3 (Del. Super. Ct. Nov. 2, 1999) ("If two clauses are inconsistent and both were prepared by the insurer, the one which should defeat the insurance will be rejected or the one which affords the most protection to the insured will control and be given effect."). *Alstrin v. St. Paul Mercury Ins. Co.*, 179 F. Supp. 2d 376 (D.Del. 2002)

Here the Underwriters could have simply included the following language to effectuate its reading of the policy:

> "Upon filing of an action by the insurer against the insured, insured may no longer request that the insurer submit to another jurisdiction under this clause of the policy."

Or the Underwriters could have written that:

> "Forum and venue shall be determined by the party who first files an action under this policy and such action shall be valid in any U.S. court of competent jurisdiction."

However, the Underwrites did not draft clear language under its policy. Convoluted or confusing terms are the problem of the insurer ... -- not the insured. *Alstrin v. St. Paul Mercury Ins. Co.*, 179 F. Supp. 2d 376 (D.Del. 2002)

As this is an upside down lawsuit, where the Underwriters engaged in procedural fencing with its preemptive action and where the policy is ambiguous as to when the insured can request the insurer submit to any court of competent jurisdiction, Varadam's motion to Transfer should be granted.

**III.    If the Court determines that the insurance policy should be construed in favor of the Underwriters' rather than the insured, then the facts as applied to the applicable principles of 28 U.S.C. § 1404 authorize and require this Court to grant Varadam's Motion to Transfer.**

Lastly, if the Court decides that the language of the policy should be construed in favor of the Underwriters, transfer is still warranted when the Court weighs the applicable principles under 28 U.S.C. § 1404.

In its Response, the Underwriters have not refuted any of the contentions made by Varadam in support of its Motion to Transfer. It is clear from the unconverted facts that it is supremely more convenient to both the parties and the witnesses for transfer of this case to the Southern District of Florida. Moreover, the Court should note that "in

most cases, if the convenience of the parties and witnesses is served by transfer, it usually follows that justice will also be served by transfer." *Inter--City Products Corporation (USA) v. Insurance Company of North America, 1993 U.S. Dist. LEXIS 886* (D.Del. 1993), citing *Cinema Amusements, Inc. v. Loew's Inc., 85 F. Supp. 319, 326 (D. Del. 1949).*

This concept should not be new to the Underwriters as its own counsel was the counsel of record in *Inter-City*. Moreover, the Court in *Inter-City* held where the plaintiff has brought suit in a forum which is not its "home turf" and which has no connection with the subject matter of the lawsuit, the convenience to the plaintiff of litigation in its choice of forum is not as great. *Id.* Despite its counsel being counsel of record in *Inter-City*, Underwriters suspiciously omits this point from its Response motion. Delaware is not the home turf of the Underwriters and the subject matter of this lawsuit has no connection to Delaware. Rather, the Underwriters, in an apparent attempt to "procedurally fence" with its own insured, preemptively filed an upside down declaratory action in the U.S. District Court for the District of Delaware.

The convenience of the parties and witnesses weigh strongly in favor of transferring this case. The subject Vessel has traveled throughout the Southern District of Florida. The Vessel was on its way to Miami before the loss. Moreover, Miami was to be the new home port of the Vessel. Plaintiff and Defendant do business within the Southern District of Florida. The pertinent insurance brokers have a principal office within the Southern District of Florida. The Southern District of Florida is best suited for the convenience of the parties and witnesses and will promote the just and efficient conduct of this action. Almost all of the material witnesses are from Mexico and are

Spanish-speaking. Travel between the country of Mexico and the Southern District of Florida is more efficient, less expensive, more frequent and less burdensome than travel from Mexico to Delaware.

Moreover, the sister case recently filed by Jaime Jalife in the Southern District of Florida should serve as another major factor warranting transfer. The filing of the action in Delaware by Underwriters as a preemptive strike by Underwriters is contrary to the spirit and meaning of the policy. The insureds are the parties who suffered the loss. Insureds are the aggrieved parties, not Underwriters. The overall interests of justice convenience to the parties and convenience to the witnesses all heavily favor the Southern District of Florida.

Hence, transfer of this case to the District Court for the Southern District of Florida based on a weighing of the applicable legal principles under 28 U.S.C. § 1404 warrants transfer.

## Conclusion

The Underwriters policy requires its submission to any Court of competent jurisdiction at the request of the Assured. Nowhere in the policy is it mentioned when the insured can make its request. Underwriters read this provision to mean that it can preemptively file an action, thereby precluding the insured's right to choose its forum. Varadam reads this provision to mean that the insured is allowed to file a suit under the policy and/or the Underwriters will subject themselves to a jurisdiction of the insured's choice, "at the Request of the Assured." At the very least, there is an ambiguity in the policy which must be construed in favor of Varadam. As such, Varadam's motion to Transfer should be granted.

Moreover, Varadam's preemptive filing of its upside action in an effort to procedurally fence with its insured contravenes the spirit of the Declaratory Judgment Act as well as the insurance policy. As such, the Court should take this into consideration when weighing the interests of justice and policy implications of this Motion to Transfer and grant Varadam's request for transfer.

Finally, under 28 U.S.C. § 1404, Varadam has carried its burden in proving that the convenience to the parties, convenience to the witnesses and the interests of justice all heavily favor the District Court for the Southern District of Florida as the proper venue.

As such, this Court should grant Varadam's Motion to Transfer.

Date: August 15, 2005

Respectfully submitted,

THE BAYARD FIRM

_____
Daniel K. Astin (#4068)
dastin@bayardfirm.com
Peter B. Ladig (#3513)
pladig@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
Attorneys for Varadam Foundation

## CERTIFICATE OF SERVICE

I, Peter B. Ladig, hereby certify that on August 15, 2005, I caused the attached document to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

        Michael B. McCauley
        Palmer, Biezup & Henderson
        1223 Foulk Rd.
        Wilmington, DE 19803
        (302) 594-0895

        _____
        Peter B. Ladig (#3513)