IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170,<br><br>    Plaintiffs,<br><br>    v.<br><br>VARADAM FOUNDATION and JAIME JALIFE,<br><br>    Defendants. | Civ. No. 05-413-SLR |

Michael B. McCauley, Esquire, of Palmer Biezup & Henderson LLP, Wilmington, Delaware. Counsel for Plaintiffs.

Daniel K. Astin, Esquire, and Peter B. Ladig, Esquire, of The Bayard Firm, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: October 6, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On June 20, 2005, Ace Capital "and others underwriting at Llyod's severally subscribing to Policy No. A5BGLY170" (collectively called "plaintiffs") filed a declaratory action against Varadam Foundation and Jaime Jalife (collectively called "defendants"). (D.I. 1) Plaintiffs issued marine insurance Policy No. A5BGLY170 (the "Policy") for the vessel MAMMA MIA. (D.I. 1 at ¶ 1) Defendant Varadam Foundation is a corporation organized under the laws of the State of Delaware. (D.I. 1 at ¶ 2) Defendant Jaime Jalife is a citizen of Mexico who does business in the State of Delaware. (D.I. 1 at ¶ 3) At all material times, defendant Jalife was the beneficial owner of the vessel MAMMA MIA and the named insured under the Policy. (D.I. 3 at 3) The court has jurisdiction under 28 U.S.C. § 1333 as the claim arises within the admiralty and maritime jurisdiction of the court. (D.I. 1 at ¶ 4) Before the court is defendants' motion to transfer venue to the United States District Court for the Southern District of Florida. (D.I. 3)

## II. BACKGROUND

The Policy was issued to provide protection and indemnity insurance for the hull and machinery of the vessel MAMMA MIA for the period May 20, 2005 to May 20, 2006. (D.I. 1 at ¶ 7) The coverage afforded under the Policy is subject to an express promissory warranty, which states: "Warranted not south of the

Tropic of Cancer between 1st June and 31st October inclusive."
(D.I. 1 at ¶ 8)  On June 6, 2005, plaintiffs received notice that the vessel MAMMA MIA had grounded on a reef in the Gulf of Mexico, south of the Tropic of Cancer and, therefore, outside the territorial limits specified in the express promissory warranty.
(D.I. 1 at ¶ 9)  A dispute has arisen between plaintiffs and defendants with respect to whether there is coverage under the policy for the property damage sustained by the vessel.  (D.I. 1 at ¶ 11)  Plaintiffs filed this declaratory judgment action seeking a declaration that there is no coverage afforded under the policy with respect to this incident.  (D.I. 1)  On July 15, 2005, twenty-five days after plaintiffs filed this action, defendant Jaime Jalife filed a complaint for declaratory relief against plaintiffs in the United States District Court for the Southern District of Florida seeking a declaration of coverage and alleging a breach of contract.  (D.I. 6 at 3)

### III. STANDARD OF REVIEW

Defendants move the court to transfer this matter, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Florida.  Section 1404(a) provides: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Because a plaintiff's choice of forum is

2

accorded substantial weight and venue is transferred only if the defendant truly is regional (as opposed to national) in character, a defendant has the burden of establishing that "the balance of convenience of the parties and witnesses strongly favors" the defendant. Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). Therefore, defendants "must prove that litigating in Delaware would pose a 'unique or unusual burden' on their operations" for the court to transfer venue. Wesley-Jessen Corp. v. Pilkington Visioncare, Inc., 997 F. Supp. 556, 562 (D. Del. 1993).

In reviewing a motion to transfer venue, courts have not limited their consideration to the three enumerated factors in § 1404(a) (i.e., convenience of parties, convenience of witnesses, or interests of justice). Rather, courts have considered "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations and citation omitted). The Third Circuit has provided a list of factors to assist district courts in determining "whether, on balance, the litigation would more conveniently proceed and the interests of justice be better served by a transfer to a different forum." Id. These factors entail six

private and five public interests. Private interests include: (1) the plaintiffs' forum preference as manifested by the plaintiffs' original forum choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of the books and records. Id. Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. Id.

**IV. DISCUSSION**

As an initial matter, the parties argue over the implication of the Service of Suit clause in the policy. The Service of Suit clause states that "in the event of failure of the Underwriters . . . to pay any amount claimed to be due . . . the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America." (D.I. 3 at 6) Defendants argue that this clause

4

mandates that plaintiffs submit to the court to which the defendants wish to transfer. The court finds this argument unpersuasive.

According to the well-settled rules of contract construction, "the language of a contract is to be given its plain and ordinary meaning. Accordingly, where the provisions of a contract are plain and unambiguous, 'evidence outside the four corners of the document as to what was actually intended is generally inadmissible.'" Universal Studios, Inc. v. Viacom, Inc., 705 A.2d 579, 589 (Del. Ch. 1997) (quoting Weissman v. Sinorm Deli, Inc., 669 N.E.2d 242, 247 (N.Y.1996) (citation omitted)). Contract language "is not rendered ambiguous simply because the parties in litigation differ concerning its meaning." City Investing Co. Liquidating Trust v. Continental Cas. Co., 624 A.2d 1191, 1198 (Del. 1993). However, when construing an insurance policy, Delaware courts have formulated special rules of contract construction which differ from those applied to most other contracts. Hallowell v. State Farm Mut. Auto. Ins. Co., 443 A.2d 925, 926 (Del. 1982). If there is any ambiguity in the policy, it must be resolved in favor of the insured and against the insurer that drafted the policy. Aetna Cas. and Sur. Co. v. Kenner, 570 A.2d 1172, 1174 (Del. 1990).

The Third Circuit has held that when an insured sues an insurer, the Service of Suit clause acts to waive the defendant-

insurer's right to remove the case. Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1216-17 (3d Cir. 1991)  However, when the issue is whether the same clause allows an insured to block, by a later filing in another court, the insurer's otherwise valid action for declaratory judgment, the same reasoning does not apply.  See Int'l Ins. Co. v. McDermott Inc., 956 F.2d 93 (5th Cir. 1992) (holding a Service of Suit clause cannot block, by a subsequent filing in state court, the insurer's action for declaratory judgment in federal court).  The language in the Service of Suit provision at bar is not ambiguous.  Nothing in the Service of Suit clause prevents an insurer from bringing an action of its own against the insured.[1]  If the insurer does so, the Service of Suit provision does not prescribe the forum for the action.  "[T]he Service of Suit clause itself speaks only to actions brought by the insured.  Thus, when the action is first instituted by the insurer, the Service of Suit clause simply has

---

[1] The policy continues to read, in relevant part:

> Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of the Underwriter's right to remove an action to a United States Federal District Court to to seek remand therefore or to seek a transfer of any suit to any other court of competent jurisdiction. . ..

(D.I. 3 at 6)

no application." Int'l Ins., 956 F.2d at 95-96. It would be unreasonable to construe the Service of Suit provision to mean that an insured can block an insurer's valid declaratory judgment action by merely filing a subsequent lawsuit in another jurisdiction.[2] See International Insurance, 956 F.2d at 96 (concluding that such an interpretation would "make the Service of Suit clause a convenient mechanism by which the insured could deprive the insurer of its right to seek a declaratory judgment or other redress from the courts.").

    The Service of Suit provision does not demand that plaintiffs agree to the motion to transfer by defendants. Furthermore, defendants' motion to transfer is denied because it is not clear that the suit could have been brought initially in the Southern District of Florida and, on a balance, the court finds that the public and private interest factors favor maintaining venue in the District of Delaware. As plaintiffs point out in their opposition to the motion to transfer, defendants never clearly show that the suit could have been brought in the Southern District of Florida. While the defendants state that "Plaintiff and Defendant do business within

---

[2]The Fifth Circuit concluded that the Service of Suit clause must be construed to allow the insured to choose which forum will hear **its** action and to allow the insurer to choose which forum will hear **its** action, even though, in some cases, this may lead to "an unfortunate race to the courthouse." International Insurance, 956 F.2d at 96 (emphasis in original).

7

the Southern District of Florida," the defendants only specifically state that Jaimie Jalife personally conducts business in Florida. (D.I. 3 at 3) There is no clear showing that Varadam would have been subject to a suit in Florida and, therefore, the motion to transfer is denied.[3] See Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970).

In further support, the balance of the private and public factors weigh in favor of not transferring the action. Defendants assert that the Southern District of Florida is best suited for the convenience of the parties and witnesses. The court, however, has denied motions to transfer venue when the movants were unable to identify documents and witnesses that were unavailable for trial in Delaware. See, e.g., Argos v. Orthotec LLC, 304 F. Supp.2d 591 (D. Del. 2004). This case will primarily involve executed documents and applicable law. At this point there is no reason to believe that a large number of witnesses will be required. Defendants have not specifically indicated any witnesses who would be unable or unwilling to appear in Delaware, nor any documents that would be too burdensome to ship to Delaware. Therefore, defendants have not shown litigation in Delaware presents an unusual burden.

Both defendant Varadam, by incorporating in Delaware, and

---

[3] In fact, defendant Varadam is not a party to the suit filed by Jaime Jalife in the Southern District of Florida.

defendant Jalife, by conducting business in Delaware, have availed themselves of the laws of this State. As such, mere inconvenience is not a sufficient justification to set aside plaintiffs' choice of forum and transfer venue to the Southern District of Florida.

There is no evidence that the case should be transferred due to public interests. The court does not find defendants' proposition regarding the greater availability of Spanish speaking interpreters in Florida to be persuasive. In addition, Delaware has an interest in litigation regarding companies incorporated within its jurisdiction. Finally, while defendants may find it difficult and against the interests of justice to have two fora decide two sister cases, this situation is a direct result of defendants' actions.

## V. CONCLUSION

For the reasons discussed above, defendants' motion to transfer venue is denied. An order consistent with this memorandum shall issue.