IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170,<br><br>Plaintiffs,<br><br>v.<br><br>VARADAM FOUNDATION and JAIME JALIFE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:05-cv-00413-SLR<br>)<br>)<br>)<br>)<br>) |

## MOTION TO WITHDRAW AS COUNSEL

The Bayard Firm ("TBF"), counsel to Varadam Foundation, hereby moves the Court for an Order granting TBF permission to withdraw as counsel of record for Varadam Foundation in this action. The grounds for this motion are as follows:

## BACKGROUND

1. On August 9, 2005, TBF entered a corrected notice of appearance in this action on behalf of defendant Varadam Foundation. At that time, co-counsel to Varadam Foundation, Moore & Co., P.A., had already filed a motion to transfer this action to the Southern District of Florida (the "Motion to Transfer"). (D.I. 3). TBF served as local counsel to Varadam Foundation for the remainder of the briefing of the Motion to Transfer. On October 6, 2005, the Court issued a memorandum opinion (D.I. 14) and order (D.I. 15), denying the Motion to Transfer.

2. Since the Motion to Transfer was denied, TBF has repeatedly inquired of the client through Moore & Co., P.A. as to TBF's role in this litigation and for instructions on what actions to take on behalf of the client. In addition, TBF has

613013v1

attempted twice to obtain payment of its bills. Despite these attempts to obtain instructions and to have its bills paid, TBF has not received any instruction or payment of its bills. On December 13, 2005, TBF informed Moore & Co., P.A. in writing that if TBF did not receive instructions as to TBF's role in this action by December 16, 2005, TBF would be forced to withdraw from representation of Varadam Foundation.

3. Delaware Rule of Professional Conduct 1.16(a)(5) states that a lawyer may withdraw from representation of a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Here, the client, through Moore & Co, P.A., was given reasonable warning that TBF required further instruction from the client and payment of its bill if TBF were to continue the representation.

4. Since the letter warning of the possibility of withdrawal was sent, TBF has received no instructions from the client or Moore & Co, P.A., nor have TBF's bills been paid. Accordingly, TBF respectfully submits that under Del. R. Prof. C. 1.16(a)(5), good cause exists to permit TBF to withdraw from representation of Varadam Foundation in this matter. The client will not be prejudiced by this withdrawal as the Court has not yet set a date for a Rule 16 conference, so there will be ample time to retain new local counsel. TBF respectfully requests that the Court enter the Order attached hereto granting that relief. Notice of this motion is being provided to counsel of record in this action and the client through co-counsel, Moore & Co., P.A.

                                        THE BAYARD FIRM

                                        */s/ Peter B. Ladig*

                                        Daniel K. Astin (#4068)
                                        dastin@bayardfirm.com
                                        Peter B. Ladig (#3513)
                                        pladig@bayardfirm.com
                                        222 Delaware Avenue, Suite 900
                                        P.O. Box 25130
                                        Wilmington, Delaware 19899
                                        (302) 655-5000

Dated: December 30, 2005            Attorneys for Varadam Foundation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170,<br><br>Plaintiffs,<br><br>v.<br><br>VARADAM FOUNDATION and JAIME JALIFE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:05-cv-00413-SLR<br>)<br>)<br>)<br>)<br>) |

## ORDER

The Bayard Firm having moved to withdraw as counsel to Defendant Varadam Foundation in the above captioned actions, and the Court having found good cause therefor,

IT IS HEREBY ORDERED _____ day of _____ , 200_, that:

1.   The Bayard Firm's Motion to Withdraw as Counsel to Defendant Varadam Foundation is GRANTED, and its withdrawal shall be effective immediately upon entry of this Order.

2.   The Bayard Firm shall promptly provide Defendant Varadam Foundation with notice of this Order.

_____
United States District Court Judge

613013v1

## CERTIFICATE OF SERVICE

I, Peter B. Ladig, hereby certify that on December 30, 2005, I caused the attached document to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

        Michael B. McCauley
        Palmer, Biezup & Henderson
        1223 Foulk Rd.
        Wilmington, DE 19803
        (302) 594-0895

I also certify that on December 30, 2005, I caused the attached document to be sent by Federal Express and E-Mail to the following counsel:

        Michael T. Moore, Esquire
        Moore & Co., P.A.
        355 Alhambra Circle, Suite 1100
        Coral Gables, FL 33134

        _____
        Peter B. Ladig (#3513)

597145v1