**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S, SEVERALLY SUBSCRIBING TO Policy No. A5BGLY170,** | ) | **Civ. No. 05-413-SLR** |
| **Plaintiffs,** | ) | **(Lead Case)** |
| **vs.** | ) | |
| **VARADAM FOUNDATION and JAIME JALIFE** | ) | |
| **Defendants.** | ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Date: June 29, 2007

Michael B. McCauley (2416)
Palmer Biezup & Henderson LLP
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

Of counsel:

Michael J. Maginnis
José R. Cot
Maginnis & Hurley, APLC
One Canal Place
365 Canal Street, Suite 2750
New Orleans, LA 70130
(504) 524-5353
(504) 524-5403 (fax)

Attorneys for Plaintiffs Ace Capital et al.

**D.I. 32**
**Filed: June 29, 2007**

## TABLE OF CONTENTS


| | Page |
|---|---|
| Table of Authorities | ii |
| Factual and Procedural Background | 1-2 |
| Summary of Argument | 2 |
| Statement of Uncontested Material Facts | 2-3 |
| Standard of Review | 3-4 |
| Law and Argument | 4-6 |
| Conclusion | 7 |

**TABLE OF AUTHORITIES**

*Aetna Ins. Co. v. Dudney,*
595 So. 2d 238 (Fla. App. 4th Dist. 1992) .......... 11

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .......... 8

*Blozis v. Mellon Trust of Delaware Nat'l Assoc.,*
2007 WL 1607573 (D. Del. 2007) .......... 8

*Canton Ins. Office, Ltd. v. Independent Transp. Co.,*
217 F. 213 (9th Cir. 1914) .......... 10

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) .......... 8

*Connecticut Indemnity Co. v. Palivoda,*
2005 U.S. Dist. LEXIS 24511, 2005 AMC 2047 (M.D. Fla. 2005) .......... 10

*Employers Ins. of Wausau v. Trotter Towing Corp.,*
834 F.2d 1206 (5th Cir. 1988) .......... 10

*Hitchens v. Washington Group, Int'l Inc.,*
480 F. Supp. 2d 746 (D. Del. 2007) .......... 8

*Home Ins. Co. v. Vernon Holdings,*
1995 AMC 369 (S.D. Fla. 1994) .......... 10

*Horowitz v. Fed. Kemper Life Assurance Co.,*
57 F.3d 300 (3d Cir. 1995) .......... 8

*La Reunion Francaise, S.A. v. Christy,*
122 F. Supp. 2d 1325 (M.D. Fla. 1999) .......... 10

*Lexington Ins. Co. v. Cooke's Seafood,*
835 F.2d 1364 (5th Cir. 1988) .......... 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
475 U.S. 574 (1986) .......... 7

*Omnipoint Comm. Enters., L.P. v. Newtown Township,*
219 F.3d 240 (3d Cir. 2000) .......... 8

*Pennsylvania Coal Ass'n v. Babbitt,*
63 F.3d 231 (3d Cir. 1995) .................... 8

*Port Lynch, Inc. v. New England Intern. Assurety of Am.*,
754 F. Supp. 816 (W.D. Wash. 1991) .................... 10

*R&W Boat Rentals, Inc. v. Pennsylvania Ins. Co.,*
257 So. 2d 448 (La. App. 1st Cir. 1977) .................... 11

*Robinson v. Home Ins. Co.,*
73 F.2d 3 (5th Cir. 1934) .................... 10

*United States Fidelity & Guaranty Co. v. Thompson,*
1990 AMC 444 (Fla. App. 4th Cir. 1989) .................... 11

*Vizzini v. Insurance Co. of North America,*
273 A.2d 137 (Md. 1971) .................... 11

Plaintiffs, ACE Capital and Others Underwriting at Lloyd's, severally subscribing to Policy No. A5BGLY170, each for itself and not for another (collectively referred to as "London Underwriters"), respectfully submit this Brief in Support of their Motion for Summary Judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Varadam Foundation (a Delaware Corporation) is the registered owner of the vessel M/Y Mamma Mia, an 85' fiberglass motor yacht. Jaime Jalife (a citizen of Mexico) is the beneficial owner of the vessel and is also a named insured under the policy. Plaintiffs, London Underwriters, issued a marine insurance policy to Varadam Foundation and Jaime Jalife to cover the yacht during the period of May 20, 2005 to May 20, 2006. The policy contained a navigation warranty that required the yacht to be north of the Tropic of Cancer between June 1 and October 31, 2005.

On June 6, 2005, London Underwriters received notice that the M/Y Mamma Mia had grounded on June 5, 2005 on a reef at Puerto Venturas, Mexico, outside the territory limits specified in the aforementioned express promissory warranty. Shortly thereafter, on June 10, 2005, London Underwriters issued a Reservation of Rights letter to the insureds, Varadam Foundation and Mr. Jalife, which advised them that London Underwriters were reserving their rights to decline coverage for the grounding incident based on the insureds' breach of the aforementioned navigation warranty. London Underwriters also encouraged Varadam Foundation and Mr. Jalife to act as prudent uninsureds with respect to this incident.

On June 20, 2005, London Underwriters filed a complaint in this Court for declaratory judgment regarding the lack of coverage under the policy for the subject grounding incident.

While the declaratory action was pending in this Court, Mr. Jalife filed a complaint for declaratory judgment and breach of contract against London Underwriters in the United States District Court for the Southern District of Florida. Defendants Varadam Foundation and Jaime Jalife then moved to transfer the Delaware action to the Southern District of Florida. This Court denied the Motion to Transfer on October 6, 2005. (D.I. 14-15). Meanwhile, London Underwriters filed a Motion to Transfer the Florida case to Delaware, which the Florida Court granted on December 1, 2005. The two actions have been consolidated and are currently pending in this Court.

## SUMMARY OF ARGUMENT

It is undisputed that the policy contained a navigation warranty that required the M/Y Mamma Mia to be north of the Tropic of Cancer between June 1 and October 31, 2005. It is also undisputed that the yacht grounded south of the Tropic of Cancer while in violation of the navigation warranty contained in the policy. Therefore, because the insureds breached the navigation warranty, as a matter of law there is no coverage under the policy for this incident.

## STATEMENT OF UNCONTESTED MATERIAL FACTS

London Underwriters submit the following statement of uncontested material facts in support of their Motion:

1. Plaintiffs, London Underwriters, issued a policy of marine insurance, Policy No. A5BGLY170, to Varadam Foundation and Jaime Jalife, which provided hull and machinery, and protection and indemnity, coverage for the 2001 85' Azimut motor yacht named Mamma Mia, for the period May 20, 2005 through May 20, 2006.

2. Policy No. A5BGLY170 contained a navigation warranty that restricted the navigation limits of the M/Y Mamma Mia as follows:

**It is hereby noted and agreed, effective inception, navigating limits hereon are amended to read as follows:**

> Inland and coastal waters of the east and Gulf coast U.S.A. between Eastport, Maine and Brownsville, Texas, including Bermuda, the Bahamas and the Caribbean Sea, including Venezuela but excluding Cuba, Colombia and Haiti. **Warranted not south of the Tropic of Cancer between 1st June and 31st October inclusive.** (emphasis added).

3. On June 5, 2005, the M/Y Mamma Mia grounded at Puerto Aventuras, Mexico, which is south of the Tropic of Cancer.

## STANDARD OF REVIEW

The standard of review applicable to a Motion for Summary Judgment is as follows:

> A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine,' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).
>
> If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. 1348 (quoting Fed. R. Civ. P 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Assn. v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however,

> will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, the court must grant summary judgment if the party responding to the motion fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *See* Omnipoint Comm. Enters., L.P. v. Newtown Township, 219 F.3d 240, 242 (3d Cir.2000) (quoting Celotex, 477 U.S. at 323, 106 S. Ct. 2548).

*See* Hitchens v. Washington Group, Int'l Inc., 480 F. Supp. 2d 746 (D. Del. 2007) and Blozis v. Mellon Trust of Delaware Nat'l Assoc., 2007 WL 1607573 (D. Del. 2007).

**LAW AND ARGUMENT**

The marine insurance policy issued by London Underwriters to Varadam Foundation and Jaime Jalife was designed to provide hull and machinery, and protection and indemnity, insurance for the M/Y Mamma Mia for the period May 20, 2005 to May 20, 2006. The coverage afforded under the policy was subject, inter alia, to an express promissory warranty, which provides as follows:

**It is hereby noted and agreed, effective inception, navigating limits hereon are amended to read as follows:**

> Inland and coastal waters of the east and Gulf coast U.S.A. between Eastport, Maine and Brownsville, Texas, including Bermuda, the Bahamas and the Caribbean Sea, including Venezuela but excluding Cuba, Colombia and Haiti. **Warranted not south of the Tropic of Cancer between 1st June and 31st October inclusive.** (emphasis added).
>
> [A copy of the policy is attached herewith as Exhibit A].

It is well-established that maritime law requires strict enforcement of express warranties in marine insurance contracts. Therefore, breach of the navigation warranty by the insureds in the instant matter precludes coverage for the loss. *See, e.g.,* Lexington Ins. Co. v. Cooke's Seafood, 835 F.2d 1364, 1366-67 (11th Cir. 1988) (no coverage where vessel sailed beyond the policy's 100-mile navigational limits even though attempting to perform engine repairs); Employers Ins. of Wausau v. Trotter Towing Corp., 834 F.2d 1206, 1212 (5th Cir. 1988) (no coverage where vessel breached express warranty not to travel more than 100 miles from her home port); Robinson v. Home Ins. Co., 73 F.2d 3 (5th Cir. 1934) (no coverage where vessel was warranted to be "at dock, St. Marys, Georgia" but was in fact 3½ miles upstream on the Florida side of the river; custom permitting movement of vessel was irrelevant in light of the explicit warranty in the policy); Canton Ins. Office, Ltd. v. Independent Transp. Co., 217 F. 213 (9th Cir. 1914) (no coverage where policy specified that vessel would trade on Puget Sound but sank while laid up in a nearby tributary; "it is a matter of indifference whether or not the risk was enhanced by the breach of the warranty, for a warranty must be strictly performed"); Connecticut Indemnity Co. v. Palivoda, 2005 U.S. Dist. LEXIS 24511, 2005 AMC 2047 (M.D. Fla. 2005) (no coverage for sinking in Gulf of Mexico where vessel failed to remain in inland waterway as required by policy's navigation limits); La Reunion Francaise, S.A. v. Christy, 122 F. Supp. 2d 1325, 1331-34 (M.D. Fla. 1999) (no coverage for yacht sinking near Jamaica after navigation limits were changed, at the insured's request, to include only U.S. East Coast and Bahamas); Home Ins. Co. v. Vernon Holdings, 1995 AMC 369 (S.D. Fla. 1994) (no coverage where "warranted navigation" was "confined to trading between the Turks and Caicos Islands, Dominican Republic and the Bahamas Islands" and vessel sank en route to Haiti); Port Lynch, Inc. v.

New England Intern. Assurety of Am., 754 F. Supp. 816, 823-25 (W.D. Wash. 1991) (no coverage where policy required vessel to be anchored in southeast Alaska but vessel was actually crabbing in the Bering Sea some 1000 miles to the north); Aetna Ins. Co. v. Dudney, 595 So. 2d 238 (Fla. App. 4th Dist. 1992) (no coverage where yacht traveled to Bahamas in violation of warranty requiring it to remain in U.S. or Canadian waters); United States Fidelity & Guaranty Co. v. Thompson, 1990 AMC 444 (Fla. App. 4th Cir. 1989) (no coverage where vessel ventured into open ocean in violation of policy that limited coverage to "inland waters of Florida"); R&W Boat Rentals, Inc. v. Pennsylvania Ins. Co., 257 So. 2d 448 (La. 1st Ct. App. 1977) (no coverage for sinking 10 miles offshore where insured warranted that use was confined to inland waters); Vizzini v. Insurance Co. of North America, 273 A.2d 137 (Md. 1971) (where navigational limits included the Delaware River but "only for the purpose of storage and/or repair," there was no coverage when yacht sank while transiting Delaware River on the way home; the yacht was not on the Delaware for repairs).

London Underwriters anticipate that opposing counsel will attempt to mischaracterize the policy endorsement amending the navigation limits as a "cancellation of coverage," which counsel then argues would be subject to the 10-day notice of cancellation provision in the policy. However, this is not a case of cancellation of the policy. By its clear and unambiguous terms, the endorsement simply modifies the policy's navigational limits ("it is hereby noted and agreed effective inception, navigation limits hereon are amended to read as follows..."). It in no way cancels any terms of the policy. Therefore, the policy's cancellation provision has no application or relevance. The facts remain undisputed: The yacht was in violation of the navigational warranty contained in the policy at the time of the grounding. Consequently, there is no coverage under the policy.

## CONCLUSION

For all the forgoing reasons, London Underwriters respectfully submit that their Motion for Summary Judgment should be granted.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: /s/ Michael B. McCauley

Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478 7625 (fax)
mccauley@pbh.com

Of counsel:

Michael J. Maginnis
José R. Cot
Maginnis & Hurley, APLC
One Canal Place
365 Canal Street, Suite 2750
New Orleans, LA 70130
(504) 524-5353
(504) 524-5403 (fax)

Attorneys for Plaintiffs Ace Capital et al.