UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS )<br>UNDERWRITING AT LLOYD'S )<br>SEVERALLY SUBSCRIBING TO)<br>POLICY NO. A5BGLY170     )<br>                          )<br>    Plaintiffs,          )<br>                          )<br>vs.                       )<br>                          )<br>VARADAM FOUNDATION        )<br>and                       )<br>JAIME JALIFE,             )<br>                          )<br>    Defendants.           )<br>_____) | Case No. 1:05-cv-00413-SLR |

**DEFENDANTS' RESPONSE IN OPPOSITION TO THE PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT
AND
DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendants, Jaime Jalife and Varadam Foundation, collectively "the Insureds", hereby respectfully submit their Response In Opposition To the Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment

The insureds maintained insurance for their Vessel while it cruised in the Caribbean Sea, primarily in its home country of Mexico. There was never any mention of the Tropic of Cancer for the entire life of the Vessel's insurance from 2001 – 2005. In May 2005 the Vessel was moved to the Cancun/Puerto Aventuras area of Mexico and was afforded coverage in that area – the Vessel's home port – again with no mention of the Tropic of Cancer. The Vessel stayed in its home area, which is South of the Tropic of Cancer, throughout the month of May. On May 24, 2005 the insurers issued a Policy that afforded coverage in the Caribbean, including the East Coast of Mexico, and made no

mention of the Tropic of Cancer. The Vessel remained on the East Coast of Mexico at that time as all were aware.

On May 31, 2005 without request, knowledge, instruction or input from the Owner, the underwriters unilaterally decided to immediately cancel coverage South of the Tropic of Cancer from June 1st through October 31st. This included the exact area where the Vessel remained and planned to remain and was a shock to the Insureds. The Policy says that any cancellation will not go into effect for 10 days. The insureds, trying to safely move their Vessel to a remaining covered area and find out what happened to the coverage area, experienced a loss on June 5, 2005 when trying to enter the home port to refuel, load stores and move. The underwriters reserved rights and sought to deny the claim before the Court because the Vessel was South of the Tropic of Cancer, even though it was still within the ten day cancellation tail coverage of the Policy.

WHEREFORE the Insureds, Jaime Jalife and Varadam Foundation, ask the Court to enter summary judgment in favor of the Defendants and against the Plaintiff on the issue of liability.

Dated: July 30, 2007                    Respectfully Submitted,

                                        RAWLE & HENDERSON, LLP

                                        /s/ **William J. Cattie, III -- #953**

                                        William J. Cattie, III – I.D. No. 953
                                        300 Delaware Avenue, Suite 1015
                                        P.O. Box 588
                                        Wilmington, DE 19899
                                        (302) 778-1200
                                        Counsel for Jaime Jalife and Varadam
                                        Foundation

2120441-1

Of Counsel:

Michael T. Moore, Esq.
Scott A. Wagner, Esq.
Moore & Company, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134

2120441-1