## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ACE CAPITAL AND OTHER** | ) | |
| **PARTICIPATING UNDERWRITERS** | ) | |
| **AND INSURERS SEVERALLY** | ) | |
| **SUBSCRIBING TO** | ) | **Civ. No. 05-413-SLR** |
| **Policy No. A5BGLY170,** | ) | **(Lead Case)** |
|     **Plaintiffs,** | ) | |
| | ) | |
|     **vs.** | ) | |
| | ) | |
| **VARADAM FOUNDATION** | ) | |
| **and JAIME JALIFE** | ) | |
|     **Defendants.** | ) | |

### REPLY BRIEF IN SUPPORT OF PLAINTIFFS'
### MOTION FOR SUMMARY JUDGMENT
### AND OPPOSITION TO DEFENDANTS'
### CROSS-MOTION FOR SUMMARY JUDGMENT

Dated:  August 16, 2007

**MICHAEL B. McCAULEY (ID 2416)**
**PALMER BIEZUP & HENDERSON LLP**
1223 Foulk Road
Wilmington, DE 19803
Telephone: (302) 594-0895
Telefax: (302) 478-7625
mccauley@pbh.com

Of counsel:
**MICHAEL J. MAGINNIS (8862)**
**JOSÉ R. COT (18552)**
**MAGINNIS & HURLEY, APLC**
One Canal Place
365 Canal Street, Suite 2750
New Orleans, Louisiana 70130
Telephone: (504) 524-5353
Telefax: (504) 524-5403
**ATTORNEYS FOR ACE CAPITAL AND**
**OTHER PARTICIPATING**
**UNDERWRITERS AND INSURERS**
**SEVERALLY SUBSCRIBING TO POLICY**
**NO. A5BGLY170**

# TABLE OF CONTENTS

Page

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

DEFENDANTS' REQUEST TO RENEW COVERAGE
FOR 2005-2006 INCLUDED THE NAVIGATION
WARRANTY AT ISSUE IN THIS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

THE POLICY WAS NEVER CANCELLED, AND
THEREFORE, THE NOTICE OF CANCELLATION
PROVISION IN THE POLICY IS INAPPLICABLE . . . . . . . . . . . . . . . . . . . . . . . . . 7

THE DEFENDANTS' SUGGESTION THAT
THEY WERE IN THE PROCESS OF
TAKING THE VESSEL INTO A COVERED
GEOGRAPHICAL AREA AT THE TIME OF
THE LOSS IS UNSUPPORTED BY THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## INTRODUCTION

Plaintiffs, Ace Capital and Other Participating Underwriters and Insurers, severally subscribing to Policy No. A5BGLY170 (hereinafter collectively referred to as "London Underwriters"), respectfully submit this Reply Brief in support of their Motion for Summary Judgment and in opposition to defendants' Cross-Motion for Summary Judgment.

As a preliminary matter, it is important to note that defendants do not dispute the existence of the navigation warranty or that a breach of the navigation warranty voids coverage under the policy.  Instead, in opposing Plaintiffs' Motion for Summary Judgment, defendants advance three arguments which are irrelevant as a matter of law and incorrect as a matter of fact; namely, (1) that Underwriters "unilaterally" decided to "cancel" coverage south of the Tropic of Cancer from June 1 to October 31, 2005; (2) that the policy's 10-day notice of cancellation provision applies to the navigation warranty; and, (3) that defendants were in the process of complying with the navigation warranty when the loss occurred.  Each of these points is addressed below.

## THE DEFENDANTS' REQUEST TO RENEW COVERAGE FOR 2005-2006 INCLUDED THE NAVIGATION WARRANTY AT ISSUE IN THIS CASE

On April 22, 2005, the defendants' U.S. broker, Alliance Marine Risk Managers, Inc., requested renewal information from the defendants and found that the MAMMA MIA was located on the Caribbean side of Mexico, in Cancun.

This was, in and of itself, a breach of the navigation warranty in the 2004-2005 policy, which provided for coverage on the <u>Pacific</u> coastal waters of the U.S. and Mexico. *See* Exhibit "A", Correspondence from Fred Silberman to Keith Tait of Benfield Group (the defendants' U.K. broker), dated April 22, 2005. Thereafter, because the policy's navigation warranty had been breached, Underwriters suspended coverage[1] from February 24, 2005 through April 22, 2005, as reflected in an endorsement dated May 3, 2005. *See* Endorsement dated May 3, 2005, attached herewith as Exhibit "B".

Subsequently, on May 20, 2005, Mr. Silberman requested a renewal premium quote "If [the assured] elects to stay on the Caribbean/East Coast instead of returning through canal to West Coast Mexico". *See* Correspondence from Fred Silberman of Alliance Marine Risk Managers, Inc. to Keith Tait (Benfield Group) dated May 20, 2005, attached herewith as Exhibit "C". In response to this request, Keith Tait (Benfield Group) wrote to Mr. Silberman (Alliance Marine) on May 23, 2005, advising of the new quote obtained from Underwriters, which included the navigational warranty not <u>south</u> of the Tropic of Cancer between June 1st and October 31, 2005. *See* Fax from Keith Tait (Benfield Group) to Fred Silberman (Alliance Marine) dated May 23, 2005, attached herewith as Exhibit "D". Mr. Silberman also conveyed this information directly to the defendants' local insurance agent in Mexico, Performance Boats. *See* Mr. Silberman's fax to

---

[1] Fortunately there were no reported losses during this period. However, the important point is that the defendants, as well as their insurance agents, were well-aware of the existence of the geographical limitations contained in the navigation warranty and that breach of the warranty would result in suspension of the coverage afforded under the policy.

Katrina Elizalde of Performance Boats dated May 23, 2005, attached herewith as Exhibit "E".

In furtherance of the aforementioned request for coverage on the <u>East</u> coast of Mexico, Mr. Silberman again wrote to Mr. Tait on May 26, 2005 as follows:

> Dear Keith:
>
> Captioned **insured [Varadam Foundation/Mr. Jalife] has requested the following amendments** to the 20 May renewal:
>
> 1.    Vessel will stay on the Caribbean/East Coast instead of returning through canal to west coast Mexico.
> 2.    He would like to bind $1,000,000 excess $1,000,000 P&I at an annual premium of $780.
> 3.    There will be an additional crewmember (cook).
>
> We calculate the new annual premiums to be $28,038 and $780.
>
> Finally, attached is resume of Francisco Tomas Rodriguez Rodriguez, who is the new captain of "MAMMA MIA". Please review with underwriters and advise.
>
> Thanks and best regards,
>
> /s/
> Fredric A. Silberman
>
> [*See* Exhibit "F" (emphasis added)].

The very next day, on May 27, 2005, Mr. Tait wrote to Mr. Silberman, confirming that he had ". . . noted the contents of your fax [dated May 26, 2005] **and have obtained Underwriters' agreement to the attached endorsement** which, I trust you will find to be in order. We will therefore now process formal

endorsement accordingly." Enclosed with Mr. Tait's fax was a copy of the endorsement which included the navigation warranty not <u>south</u> of the Tropic of Cancer between June 1st and October 31, 2005. *See* Mr. Tait's fax to Mr. Silberman dated May 27, 2005, attached herewith as Exhibit "G" (emphasis added). The endorsement was agreed-to and signed by Underwriters on May 27, 2005, as reflected in the copy placed in Benfield's (U.K. broker) file. *See* Exhibit "H".

Also on May 27, 2005, Mr. Silberman (Alliance Marine) wrote to the defendants' local agent in Mexico, Performance Boats, confirming coverage and highlighting the importance of the navigation warranty as follows:

> Ms. Karina Elizalde
> Performance Boats
> Fuente de Tritones 26, Col. Tecamachalco
> Naucalpan, Estado de Mexico 53950
>
> Re:    Varadam Foundation and/or Mr. Jaime Jalife - *"MAMMA MIA"*
>        Cover Note A5BGLY170 and Excess Liability Binder
>
> Dear Karina:
>
> Enclosed is an endorsement to the captioned renewal policy adding coverage for one extra crew member and amending the navigation limits of the captioned policy to the east coast U.S., Bermuda, the Bahamas, and the Caribbean Sea, including Venezuela but excluding Cuba, Colombia and Haiti.
>
> **Important!**
> **1.    The vessel must be north of the Tropic of Cancer between 1st June and 31st October.**
> **2.    There is no coverage under this policy for navigation on the Pacific coast.**

                                 *    *    *

Best regards,

ALLIANCE MARINE RISK MANAGERS, INC.
/s/
Fredric A. Silberman
President

*See* Correspondence from Mr. Silberman to Karina Elizalde (Performance Boats)

dated May 27, 2005, attached herewith as Exhibit "I".

The aforementioned exchanges establish that the navigation warranty contained in the policy came about by virtue of the defendants' desire to keep the vessel on the East Coast/Caribbean instead of returning it to the West Coast of Mexico <u>and</u> that the importance of the navigation warranty was highlighted to the defendants by their agents in the context of renewing the policy and replacing the coverage which was in effect before the 2005-2006 policy.

In fact, at no time during the course of these negotiations and the issuance of the endorsement reflecting the navigation warranty "not <u>south</u> of the Tropic of Cancer" did the defendants and/or their agents request any modification or extension of time within which to comply with the warranty. As reflected in the referenced exhibits, the defendants were fully aware of the import of the navigation warranty and the fact that it went in effect as of May 27, 2005.

-6-

## THE POLICY WAS NEVER CANCELLED, AND THEREFORE, THE NOTICE OF CANCELLATION PROVISION IN THE POLICY IS INAPPLICABLE

While conceding that they were in breach of the navigation warranty at the time of the loss, defendants attempt to confuse the record and create an ambiguity in the interpretation of the policy by reference to the 10-day notice of cancellation provision in the policy.  However, this is <u>not</u> a case of cancellation of the policy.  By its clear and unambiguous terms, the endorsement agreed-to on May 27, 2005 simply modified the policy's navigational limits ("It is hereby noted and agreed effective inception, navigation limits hereon are amended to read as follows . . .").  It in no way cancels any terms of the policy.   The cancellation clause by its terms applies only to the policy itself and the corresponding return of premium.  The clause contains no wording that would reasonably support the expansive interpretation sought by defendants.  In fact, the defendants cite to no jurisprudence supporting their interpretation of the Notice of Cancellation and Return Premiums provision in the policy.

## THE DEFENDANTS' SUGGESTION THAT THEY WERE IN THE PROCESS OF TAKING THE VESSEL INTO A COVERED GEOGRAPHICAL AREA AT THE TIME OF THE LOSS IS UNSUPPORTED BY THE FACTS

It is undisputed that the policy endorsement modifying the navigation warranty became effective on May 27, 2005 and that Mr. Jalife became aware of the navigation warranty not <u>south</u> of the Tropic of Cancer on the same day.  Thereafter, however, in what appears to be an afterthought, defendants have

attempted to argue that they were precluded from taking the vessel to covered territory due to weather conditions. Although no specific sworn testimony is offered on this issue, the suggestion is that they had been waiting for the weather to clear so that the vessel could return to her home port to retrieve stores and fuel, in order to take the vessel into a covered area. *See* Defendants' Brief in Opposition to Plaintiffs' Motion for Summary Judgment, p. 9, paragraph 39.

On February 13, 2006, the parties obtained the deposition of Captain Francisco Tomas Rodriguez, who was the captain of the MAMMA MIA at the time of the grounding on June 5, 2005. A copy of Captain Rodriguez's deposition transcript is attached herewith as Exhibit "J".

Captain Rodriguez's deposition testimony directly rebuts the defendants' contention that they were in the process of moving the vessel to a covered area. Specifically, Captain Rodriguez testified that he was taking the MAMMA MIA from Cancun to Puerto Aventuras in order to perform scheduled maintenance and repairs, which included an inspection of the engine by an MTU (engine manufacturer) representative. [Captain Rodriguez's deposition, pp. 7, 22-23]. Significantly, Captain Rodriguez testified that he expected the scheduled maintenance and repairs to take approximately fifteen days, and that they would be followed by additional, more extensive maintenance and repairs to the engines and the generators. In fact, according to Captain Rodriguez, the scheduled maintenance and repairs (including painting of the vessel's bottom) would require drydocking. [Captain Rodriguez's deposition, pp. 28-31].

-8-

Captain Rodriguez was frustrated with the fact that the owner had not provided him with a specific plan for the eventual location of the vessel. Captain Rodriguez was concerned that he would need to obtain a special Visa to bring the vessel into the U.S., which would have required processing through the appropriate agencies in Mexico. Captain Rodriguez admitted that, as of June 5, 2005, he had made no such arrangements to travel to the U.S. [Captain Rodriguez's deposition, pp. 34-35].

Captain Rodriguez's sworn testimony directly contradicts the defendants' argument that they were readying the vessel to take her to a covered area (presumably the U.S.). If that was, in fact, the owner's plan, it was not communicated to Captain Rodriguez. To the contrary, Captain Rodriguez was obviously under the impression that the vessel would undergo scheduled maintenance and repairs in Puerto Aventuras (south of the Tropic of Cancer) and, in fact, he produced a list of maintenance and repair items which had been prepared by the previous captain, as well as a second list prepared by Captain Rodriguez himself, which he understood would be performed under his supervision in Mexico.

To date, the defendants have failed to provide any competent evidence to establish that they intended, in fact, to move the vessel to the U.S. or that the voyage would not have been possible due to weather conditions in time to comply with the warranty.

-9-

CONCLUSION

Because the undisputed facts demonstrate that defendants, Veradam Foundation and Jaime Jalife, breached the navigation warranty contained in the policy, plaintiffs' respectfully submit that they are entitled to summary judgment in their favor, declaring that there is no coverage under the aforementioned policy for the loss and damages sustained by the M/Y MAMMA MIA at Puerto Aventuras, Mexico, on June 5, 2005.

Respectfully submitted,

Dated:  August 16, 2007

PALMER BIEZUP & HENDERSON LLP

By:  /s/ Michael B. McCauley
    1223 Foulk Road
    Wilmington, DE 19803
    Telephone: (302) 594-0895
    Telefax: (302) 478-7625
    mccauley@pbh.com

Of counsel:

MICHAEL J. MAGINNIS (8862)
JOSÉ R. COT (18552)
MAGINNIS & HURLEY, APLC
One Canal Place
365 Canal Street, Suite 2750
New Orleans, Louisiana 70130
Telephone: (504) 524-5353
Telefax: (504) 524-5403

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2007, the foregoing Reply Brief in Support of Plaintiffs' Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Summary Judgment was filed via CM/ECF, which will send notification to:

William J. Cattie, III, Esq.
wcattie@rawle.com
amhiggins@rawle.com
mbaio@rawle.com
Rawle & Henderson LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801
Attorneys for Defendants

I further certify that on this same date a true and correct copy of the foregoing was served by overnight courier to the following non-registered participant:

Scott A. Wagner, Esq.
Moore & Co., P.A.
355 Alhambra Circle
Suite 1100
Coral Gables, FL 33134

        /s/ Michael B. McCauley

-11-