UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACE CAPITAL AND OTHER PARTICIPATING UNDERWRITERS AND INSURERS, SEVERALLY SUBSCRIBING TO Policy No. A5BGLY170, Plaintiffs, vs. VARADAM FOUNDATION and JAIME JALIFE Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 05-413-SLR (Lead Case) |

## PLAINTIFFS' STATEMENT OF UNCONTESTED MATERIAL FACTS AND LEGAL ISSUES UPON WHICH JUDGMENT IS SOUGHT

Plaintiffs, ACE Capital and Other Participating Underwriters and Insurers, severally subscribing to Policy No. A5BGLY170, pursuant to the Court's Order dated February 13, 2008, respectfully submit the following statement of material facts as to which plaintiffs contend there is no genuine issue to be tried, and the legal issues upon which judgment is sought:

### SUMMARY OF ARGUMENT

It is undisputed that the policy contained a navigation warranty that required the M/Y MAMMA MIA to be North of the Tropic of Cancer between June 1st and October 31st, 2005. It is also undisputed that the yacht grounded South of the Tropic of Cancer while in violation of the navigation warranty contained in the policy. Therefore, because the insureds breached the navigation warranty, there is no coverage under the policy for this incident.

1

## STATEMENT OF UNCONTESTED MATERIAL FACTS

Plaintiffs submit the following statement of uncontested material facts in support of

their Motion for Summary Judgment:

1.      Plaintiffs issued a policy of marine insurance, Policy No. A5BGLY170, to Varadam Foundation and Jaime Jalife, which provided hull and machinery, and protection and indemnity, coverage for their 2001 85' Azimut motor yacht named MAMMA MIA, for the period May 20, 2005 through May 20, 2006.

2.      Policy No. A5BGLY170 contained a navigation warranty that restricted the navigation limits of the M/Y MAMMA MIA as follows:

**It is hereby noted and agreed, effective inception, navigating limits hereon are amended to read as follows:**

> Inland and coastal waters of the east and Gulf coast U.S.A. between Eastport, Maine and Brownsville, Texas, including Bermuda, the Bahamas and the Caribbean Sea, including Venezuela but excluding Cuba, Colombia and Haiti. **Warranted not south of the Tropic of Cancer between 1st June and 31st October inclusive.** (emphasis added).

3.      On June 5, 2005, the M/Y MAMMA MIA grounded at Puerto Aventuras, Mexico, which is <u>South</u> of the Tropic of Cancer.

**LEGAL ISSUES UPON WHICH JUDGMENT IS SOUGHT**

Maritime law requires strict enforcement of express warranties in marine insurance contracts. Therefore, breach of the navigation warranty by the insureds in the instant matter precludes coverage for the loss. See, e.g., Lexington Ins. Co. v. Cooke's Seafood, 835 F.2d 1364, 1366-67 (11th Cir. 1988) (no coverage where vessel sailed beyond the policy's 100-mile navigational limits even though attempting to perform engine repairs); Employers Ins. of Wausau v. Trotter Towing Corp., 834 F.2d 1206, 1212 (5th Cir. 1988) (no coverage where vessel breached express warranty not to travel more than 100 miles from her home port); Robinson v. Home Ins. Co., 73 F.2d 3 (5th Cir. 1934) (no coverage where vessel was warranted to be "at dock, St. Marys, Georgia" but was in fact 3 1/2 miles upstream on the Florida side of the river; custom permitting movement of vessel was irrelevant in light of the explicit warranty in the policy); Canton Ins. Office, Ltd. v. Independent Transp. Co., 217 F. 213 (9th Cir. 1914) (no coverage where policy specified that vessel would trade on Puget Sound but sank while laid up in a nearby tributary; "it is a matter of indifference whether or not the risk was enhanced by the breach of the warranty, for a warranty must be strictly performed"); Connecticut Indemnity Co. v. Palivoda, 2005 U.S. Dist. LEXIS 24511, 2005 AMC 2047 (M.D. Fla. 2005) (no coverage for sinking in Gulf of Mexico where vessel failed to remain in inland waterway as required by policy's navigation limits); La Reunion Francaise, S.A. v. Christy, 122 F. Supp. 2d 1325, 1331-34 (M.D. Fla. 1999) (no coverage for yacht sinking near Jamaica after navigation limits were changed, at the insured's request, to

include only U.S. East Coast and Bahamas); Home Ins. Co. v. Vernon Holdings, 1995 AMC

369 (S.D. Fla. 1994) (no coverage where "warranted navigation" was "confined to trading

between the Turks and Caicos Islands, Dominican Republic and the Bahamas Islands" and

vessel sank en route to Haiti); Port Lynch, Inc. v. New England Intern. Assurety of Am., 754

F. Supp. 816, 823-25 (W.D. Wash. 1991) (no coverage where policy required vessel to be

anchored in southeast Alaska but vessel was actually crabbing in the Bering Sea some 1000

miles to the north); Aetna Ins. Co. v. Dudney, 595 So.2d 238 (Fla. App. 4th Dist. 1992) (no

coverage where yacht traveled to Bahamas in violation of warranty requiring it to remain in

U.S. or Canadian waters); United States Fidelity & Guaranty Co. v. Thompson, 1990 AMC

444 (Fla. App. 4th Cir. 1989) (no coverage where vessel ventured into open ocean in

violation of policy that limited coverage to "inland waters of Florida"); R&W Boat Rentals,

Inc. v. Pennsylvania Ins. Co., 257 So. 2d 448 (La. 1st Ct. App. 1977) (no coverage for

sinking 10 miles offshore where insured warranted that use was confined to inland waters);

Vizzini v. Insurance Co. of North America, 273 A.2d 137 (Md. 1971) (where navigational

limits included the Delaware River but "only for the purpose of storage and/or repair," there

was no coverage when yacht sank while transiting Delaware River on the way home; the

yacht was not on the Delaware for repairs).

Because the defendants have filed a cross-motion for summary judgment, plaintiffs

will file a responsive statement corresponding to defendants' statement of uncontested facts

on or before March 21, 2008, pursuant to Court's aforementioned Order.

Respectfully submitted,

PALMER BIEZUP & HENDERSON, LLP

By:   /s/ Michael B. McCauley
**MICHAEL B. MCCAULEY (ID 2416)**
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

Of counsel:

**MICHAEL J. MAGINNIS**
**JOSÉ R. COT**
**MAGINNIS & HURLEY, APLC**
One Canal Place
365 Canal Street, Suite 2750
New Orleans, Louisiana 70130
(504) 524-5353
(504) 524-5403 (fax)

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ACE CAPITAL AND OTHER PARTICIPATING UNDERWRITERS AND INSURERS, SEVERALLY SUBSCRIBING TO Policy No. A5BGLY170,  Plaintiffs,<br><br>vs.<br><br>VARADAM FOUNDATION and JAIME JALIFE  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civ. No. 05-413-SLR<br>     (Lead Case) |

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, "Plaintiffs' Statement of Uncontested Material Facts and Legal Issues Upon Which Judgment is Sought" was electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to Defendants' counsel of record, William J. Cattie, III, Esq., and a true and correct copy of same was mailed by United States Postal Service to the following non-registered participant:

Michael T. Moore, Esq.
Moore & Co., P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134

PALMER BIEZUP & HENDERSON, LLP

By:   /s/ Michael B. McCauley
**MICHAEL B. MCCAULEY (ID 2416)**
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com