UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS )<br>UNDERWRITING AT LLOYD'S )<br>SEVERALLY SUBSCRIBING TO)<br>POLICY NO. A5BGLY170           )<br>                                                        )<br>     **Plaintiffs,**                         )<br>                                                        )<br>vs.                                                )<br>                                                        )<br>VARADAM FOUNDATION, INC.)<br>and                                              )<br>JAIME JALIFE,                              )<br>                                                        )<br>     **Defendants.**                       )<br>_____) | Case No. 1:05-cv-00413-SLR |

**DEFENDANTS/INSUREDS' RESPONSE TO PLAINTIFFS' SUBMISSION
IN COMPLIANCE WITH COURT ORDER (DE 46)**

Dated: March 20, 2008                    Respectfully Submitted,

RAWLE & HENDERSON, LLP

**/s/ William J. Cattie, III -- #953**
_____
William J. Cattie, III – I.D. No. 953
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899
(302) 778-1200

Of Counsel:

**/s/ Scott A. Wagner, Esq.**
_____
Michael T. Moore, Esq.
Scott A. Wagner, Esq.
Moore & Company, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134

Counsel for Jaime Jalife and Varadam Foundation

**RESPONSE**

The Defendants (hereinafter "Insureds") are content to reincorporate and rely on their previously filed papers on February 29, 2008 (DE # 47) which cover the record fact citations and pertinent areas of law dealing with the critical issues before the Court. The Court should note that the Plaintiffs' filing (DE # 48) (hereinafter "Insurer") failed to cite any record facts or to any record evidence. The Insureds' filing with the Court (DE # 47) per court order should clearly show the Court why the Insurer's position is untenable; however, per Court order (DE # 46), the Insureds' file this brief response.

Once again, the Insurer's submission (DE # 48) misses the mark. The critical questions before the Court are (a) whether a meeting of the minds occurred regarding the new navigational warranty containing reference to the Tropic of Cancer relied on by the Insurer to deny coverage and, if so (b) whether that new navigational warranty cancelling coverage south of the Tropic of Cancer was in effect at the time of the loss. The question before the Court is not to determine what the effect of the navigational warranty would be had it been agreed to and had it been in effect under the terms of the Policy.

Under the undisputed record facts of this case, the Court should not get to an analysis of the effect of the navigational warranty relied on by the insurer to deny coverage to the insureds because the record facts indisputably show that (a) this new navigational warranty cancelling coverage south of the Tropic of Cancer for five months was never requested, approved or agreed to by the Insureds and (b) that even if the Insureds had agreed to the new navigational warranty cancelling coverage south of the Tropic of Cancer for five months of the year, under the terms of the Policy, this navigational warranty would not have gone into effect until after the loss.

The undisputed facts are clear:[1]

(1) The Insureds maintained annual policies of insurance for years on their Vessel.

(2) Not one of these policies ever referenced or included the Tropic of Cancer in any way, let alone in a navigational warranty that would operate to cancel coverage in an area for five months annually.

(3) Upon renewal of their Policy in May 2005, the Insureds informed the Insurer that the Vessel would be on the East Coast of Mexico and in the Caribbean, but that they would not need insurance for the west coast of Mexico and/or its surrounding waters on the West coast; there was no mention of the Tropic of Cancer.

(4) The Insurer issued a Policy to the Insureds on May 24, 2005 that contained a navigational warranty offering insurance for both the East Coast of Mexico and the Caribbean and (erroneously) for the West Coast of Mexico and those surrounding waterways. Again, there was no mention of the Tropic of Cancer.

(5) The Insureds informed their Insurer (once again) that no insurance was required for the West coast of Mexico; rather, only for the East coast of Mexico and the Caribbean Sea. Again, there was no mention of Tropic of Cancer.

(6) On May 27, 2005 the Insurer sent a cover note to the Insureds and on May 31, 2005 issued a Policy to the Insureds that contained a new navigational warranty.

(7) This newly issued navigational warranty appropriately removed west coast coverage for the Vessel; however, it erroneously and unilaterally inserted a new navigational warranty provision that would cancel coverage south of the Tropic of Cancer from 1 June through 31 October, inclusive.

---

[1] Reference to a fuller, fleshed-out version of the record facts pertinent to the issues before the Court can be found at DE# 47.

(8) Again, the Insureds had never requested, agreed, or accepted this newly issued navigational warranty that purported to cancel coverage for a five-month period in the area south of the Tropic of Cancer.

(9) To the contrary, the Insureds had instructed the Insurer that they would remain on the east coast of Mexico and the Caribbean, an area spanning both north and south of the Tropic of Cancer.

(10) As a matter of fact, Insureds' home port of Puerto Aventuras, Mexico is south of the Tropic of Cancer.

(11) Five days later on June 5, 2005 the Vessel sank while at her home port, south of the Tropic of Cancer.

(12) The Insurer denied coverage, relying on the un-agreed to and unilaterally inserted new navigational warranty that the insurer maintains was in effect at the time of the loss and cancelled coverage to the Vessel south of the Tropic of Cancer.

## Responsive Argument

The record facts of the case (see submission by insured DE 47) show that the navigational warranty now relied on by the Insurer was not agreed to by the Insureds. Additionally, a reading of the actual Policy reveals that even if the subject navigational warranty relied on by the Insurer were agreed to by the Insureds it would not have gone into effect until at least June 7, 2005, i.e. after the loss. In either circumstance, the Insureds' loss(es) would and should be covered by the Insurer.

The law cited in the Insureds' submission of February 28, 2008 dictates a result in favor of the Insureds. An offer and acceptance to renew constitute a binding agreement that the new contract will, unless otherwise agreed to, conform to the old Policy and the failure of the Policy language to conform constitutes a mutual mistake of fact. *Whiteside*

*v. New Castle Mut. Ins. Co.*, 595 F. Supp. 1096, 1984 U.S. Dist. LEXIS 22568 (D. Del. 1984); *Fireman's Fund Ins. Co. v. Lansdowne Steel & Iron Co.*, 1982 U.S. Dist. LEXIS 18181, 26-30 (E.D. Pa. 1982); *Stowe Township v. Standard Life Insurance Co. of Indiana*, 507 F.2d 1332, 1337 (3d Cir. 1975); *General Electric Credit Corp. v. Aetna Casualty & Surety Co.*, 437 Pa. 463, 263 A.2d 448 (1970). Where the insurance company issues the policy which it intended to issue (with the lesser coverage) does not change the analysis; the theory of mutual mistake remains applicable and the insured is entitled to coverage. *Id.* A unilateral change made by the Insurer (even if the change is exactly what the Insurer intended to do) is deemed invalid, unless expressly agreed to by the Insured. *Id.* Because the undisputed record facts reveal that the Insureds never requested, agreed to or approved a new navigational warranty cancelling coverage south of the Tropic of Cancer from June 1 to October 31 in their renewal, the change made by the insurer is null and void and the insurance contract must be reformed to afford coverage to the insured as previously afforded, i.e. without regard to the Tropic of Cancer. As such, summary judgment should issue in favor of the insureds holding that the new navigational warranty referencing the Tropic of Cancer was never agreed to by the insureds and is therefore null and void, affording coverage to the Vessel without reference to the Tropic of Cancer.

In addition, *assuming arguendo*, that the insureds did request, approve or agree to the new navigational warranty unilaterally inserted into their Policy on May 31, 2005 by the Insurer, under the terms of the Policy this cancellation of coverage south of the Tropic of Cancer would not take effect until after the date of the loss. The terms of the insurance contract issued by the Insurer reads that "(t)his Policy may be cancelled by the Assurer or their representative by mailing to the Assured at the address shown in this Policy or last

known address, written notice stating when not less than ten (10) days thereafter such cancellation shall become the end of the Policy Period." Insurance contracts are contracts of adhesion and any clause in a contract must be construed strictly against the insurer. *Oliver B. Cannon and Son, Inc. v. Fidelity and Casualty Company of New York*, 519 F. Supp. 668 (D. Del 1981). As such, even if there was a shred of evidence that the insured requested, approved or agreed[2] to the navigational warranty relied on by the insurer to deny coverage, then the cancellation of coverage south of the Tropic of Cancer would not go into effect until at least ten (10) days after the insurer's May 27, 2005 notice letter – *after* the June 5, 2005 subject loss. So, even if you accept the unsupported position of the Insurer that the Insureds requested, agreed and approved the new navigational warranty that cancelled coverage to the Vessel south of the Tropic of Cancer, interpretation of the Policy dictates that the new navigational warranty clause relied on by the Insurer would not go into effect until after the loss. Therefore, summary judgment should issue in favor of the insured on this issue as well.

WHEREFORE, the Insureds Respectfully ask the Court to issue summary judgment in favor of the Defendants and against the Plaintiff Insurer as a matter of undisputed record fact and applicable legal authority on the basis that it is undisputed that the insureds never agreed to the navigational warranty relied on by the Insurer and therefore are afforded coverage without regard to the Tropic of Cancer and that even if the Insureds had agreed to the navigational warranty relied on by the Insurer to deny coverage, said warranty provision was not in effect on the date of loss and therefore Insureds are entitled to coverage.

---

[2] There is none; rather, the evidentiary is to the contrary.