**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ACE CAPITAL AND OTHER PARTICIPATING UNDERWRITERS AND INSURERS SEVERALLY SUBSCRIBING TO Policy No. A5BGLY170,     Plaintiffs <br><br> vs. <br><br> VARADAM FOUNDATION and JAIME JALIFE     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )    No. 05-cv-413-SLR <br>    (Lead Case) |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF FACTS AND LEGAL ISSUES (D.I. 47)

Plaintiffs, ACE Capital and Other Participating Underwriters and Insurers, severally subscribing to Policy No. A5BGLY170, pursuant to the Court's Order dated February 13, 2008, respectfully submit the following response to Defendants' statement of facts and legal issues (D.I. 47).

It is important to note that the defendants still do not dispute the existence of the navigation warranty or that a breach of the navigation warranty voids coverage. Instead, the defendants argue that there are two issues that preclude summary judgment for Plaintiffs, namely, (a) that the defendants did not request, approve or agree to the navigation warranty, and (b) that, in any event, the policy's 10-day notice of cancellation provision applies to the navigation warranty.

Case 1:05-cv-00413-SLR    Document 50    Filed 03/21/2008    Page 2 of 8

Each of these points is addressed below.

### DEFENDANTS, THROUGH THEIR BROKER, OBTAINED THE ENDORSEMENT AND NAVIGATION WARRANTY AT ISSUE

The facts and circumstances surrounding the placement of the insurance coverage on the yacht are set forth in Plaintiff's Reply Brief and accompanying exhibits (see D.I. 41), and are incorporated herein.

One fact is omitted from the lengthy list of contentions contained in the defendants' statement: the endorsement and the navigation warranty at issue were obtained by the defendants' agents acting on the defendants' behalf. Alliance Marine Risk Managers, Inc., the defendants' U.S. broker, and Benfield Group, the defendants' U.K. broker, were the defendants' disclosed agents and acted as such in requesting and placing the coverage on the yacht. It is a fundamental principle of marine insurance law that the broker is the agent of the assured. This point is well established under both American and English law. *Edinburgh Assurance Co. v. R.L. Burns Corp.*, 479 F. Supp. 138, 144-50 (C.D. Cal. 1979) *aff'd in relevant part*, 669 F.2d 1259 (9th Cir. 1982) (explaining how the placement of marine insurance works in the London market and stating the settled rule that the broker is the agent of the assured); *Thebes Shipping, Inc. v. Assicurazioni Ausonia SPA*, 599 F. Supp. 405, 408 (S.D.N.Y. 1984) ("An insurance broker is an agent for the insured (in marine insurance, the

Each of these points is addressed below.

### DEFENDANTS, THROUGH THEIR BROKER, OBTAINED THE ENDORSEMENT AND NAVIGATION WARRANTY AT ISSUE

The facts and circumstances surrounding the placement of the insurance coverage on the yacht are set forth in Plaintiff's Reply Brief and accompanying exhibits (see D.I. 41), and are incorporated herein.

One fact is omitted from the lengthy list of contentions contained in the defendants' statement: the endorsement and the navigation warranty at issue were obtained by the defendants' agents acting on the defendants' behalf. Alliance Marine Risk Managers, Inc., the defendants' U.S. broker, and Benfield Group, the defendants' U.K. broker, were the defendants' disclosed agents and acted as such in requesting and placing the coverage on the yacht. It is a fundamental principle of marine insurance law that the broker is the agent of the assured. This point is well established under both American and English law. *Edinburgh Assurance Co. v. R.L. Burns Corp.*, 479 F. Supp. 138, 144-50 (C.D. Cal. 1979) *aff'd in relevant part*, 669 F.2d 1259 (9th Cir. 1982) (explaining how the placement of marine insurance works in the London market and stating the settled rule that the broker is the agent of the assured); *Thebes Shipping, Inc. v. Assicurazioni Ausonia SPA*, 599 F. Supp. 405, 408 (S.D.N.Y. 1984) ("An insurance broker is an agent for the insured (in marine insurance, the

shipowner)."); *Howard Fuel v. Lloyd's Underwriters*, 588 F. Supp. 1103, 1108 (S.D.N.Y. 1984) ("[A]n insurance broker is the agent of the *insured*, not the insurance company."); *Amin Rasheed Shipping Corp. v. Kuwait Insurance Co.*, [1982] 1 Lloyd's Rep. 638 ("There is most compelling authority for the proposition that in placing insurance the broker acts as agent of the assured and not of the underwriter.") (citing *Anglo-African Merchants, Ltd. v. Bayley*, [1970] 1 Q.B. 311); *Rozanes v. Bowen*, [1928] 32 Lloyd's Rep. 98 ("I agree, that in the case of marine insurance there is not the slightest doubt, and never has been the slightest doubt, that the broker is not the agent of the underwriter."); *see also* Arnould, 1 LAW OF MARINE INSURANCE AND AVERAGE, 16th ed. (1981) at ¶ 161 ("The broker is the agent of the assured, not of the underwriter."). Defendants' suggestion that they did not approve or agree to the navigation warranty overlooks the indisputable fact that it was their agent who procured the endorsement and navigational warranty.

### THE POLICY WAS NEVER CANCELLED, AND THEREFORE, THE NOTICE OF CANCELLATION PROVISION IN THE POLICY IS INAPPLICABLE

Defendants continue to argue that the policy's cancellation provision granted them 10 days to comply with the navigation warranty. As Plaintiffs have previously shown (see Opening Brief, D.I. 33, pages 9-10, and Reply Brief, D.I. 41, page 7), the policy's cancellation provision has no application because the policy was not cancelled. This is confirmed, of course, by the wording of the

endorsement itself, which specifically states "[a]ll other terms and conditions remaining unaltered." *See* Exhibit "H" to Plaintiffs' Reply Brief.

### PLAINTIFFS' RESPONSE TO DEFENDANTS' "NUMBERED UNDISPUTED MATERIAL FACT SECTION"

The averments set forth in the defendants' statement at items number 1 through 27 are not material to the disposition of the breach of warranty issue before the Court.

Moreover, the contentions set forth in the defendants' statement items number 28 through 36 are not consistent with the documentary evidence and the sworn testimony as delineated in Plaintiffs' briefs in support of their Motion for Summary Judgment, which show without question that the navigation warranty was obtained by the defendants' broker and that the vessel was in breach of the navigational warranty at the time of the casualty. The defendants have not submitted any affidavits or other sworn testimony to rebut plaintiffs' Motion for Summary Judgment.

Once a motion for summary judgment is made and supported, the non-moving party may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Defendants fail to offer any evidence to controvert plaintiffs' entitlement to summary judgment in this case.

Specifically, it remains undisputed that the navigational warranty was in full effect at the time of the loss. Similarly, it remains undisputed that defendants breached the warranty. The navigational warranty was in effect and was breached. Accordingly, Plaintiffs are entitled to summary judgment in their favor.

Breaches of express warranties in marine insurance contracts release the insurer from any liability under the policy. *See, e.g., Hilton Oil Transport v. Jonas*, 75 F.3d 627, 630 (11th Cir. 1996) ("The admiralty cases that support this principle are legion and form a judicially established and entrenched federal admiralty rule."). Specifically, this principle applies to breaches of express navigational warranties. *See, e.g., La Reunion Francaise, S.A. v. Christy*, 122 F. Supp. 2d 1325 (M.D. Fla. 1999) (court granted summary judgment to insurer based on breach of navigational limits in insurance policy); *Goodman v. Fireman's Fund Insurance Co.*, 600 F.2d 1040, 1043 (4th Cir. 1979) (no coverage when vessel sank while in breach of winter "lay up" warranty); *Lexington Ins. Co. v. Cooke's Seafood*, 835 F.2d 1364, 1365-66 (11th Cir. 1988) (no coverage where vessel was beyond 100-mile navigational limit when destroyed by hurricane); *Aetna Ins. Co. v. Dudney*, 595 So. 2d 238, 239 (Fla. 4th DCA 1992) (no coverage where yacht was beyond navigational limit when crewmember was injured); *Port Lynch, Inc. v. New England Int'l Assurety of Am., Inc.*, 754 F. Supp. 816, 823 (W.D. Wash. 1991) (navigational warranty).

It is undisputed that the defendants have, as a matter of fact and law, breached the navigation warranty. Consequently, there is no coverage under the policy.

## CONCLUSION

Because the undisputed facts demonstrate the defendants, Varadam Foundation and Jaime Jalife, have breached the navigation warranty contained in the policy, Plaintiffs respectfully submit that they are entitled to summary judgment in their favor, declaring that there is no coverage under the aforementioned policy for the loss and damages sustained by the M/Y MAMMA MIA at Puerto Venturas, Mexico, on June 5, 2005.

Respectfully submitted,

PALMER BIEZUP & HENDERSON, LLP

By: /s/ Michael B. McCauley
**MICHAEL B. MCCAULEY (ID 2416)**
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

Of Counsel:

**MICHAEL J. MAGINNIS**
**JOSĚ R. COT**
**MAGINNIS & HURLEY, APLC**
One Canal Place
365 Canal Street, Suite 2750
New Orleans, Louisiana 70130
(504) 524-5353
(504) 524-5403 (fax)

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACE CAPITAL AND OTHER PARTICIPATING UNDERWRITERS AND INSURERS SEVERALLY SUBSCRIBING TO Policy No. A5BGLY170,<br>　　Plaintiffs | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-cv-413-SLR<br>(Lead Case) |
| vs. | )<br>)<br>)<br>) | |
| VARADAM FOUNDATION and JAIME JALIFE<br>　　Defendants. | )<br>)<br>) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2008, Plaintiffs' Response to Defendants' Statement of Facts and Legal Issues was electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to Defendants' counsel of record, William J. Cattie, III, Esq., and a true and correct copy of same was mailed by United States Postal Service to the following non-registered participant:

Michael T. Moore, Esq.
Moore & Co., P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134

　　　　　　　　　　　　　　PALMER BIEZUP & HENDERSON, LLP

　　　　　　　　　　　　　　By: /s/ Michael B. McCauley
　　　　　　　　　　　　　　**MICHAEL B. MCCAULEY (ID 2416)**
　　　　　　　　　　　　　　1223 Foulk Road
　　　　　　　　　　　　　　Wilmington, DE 19803
　　　　　　　　　　　　　　(302) 594-0895
　　　　　　　　　　　　　　(302) 478-7625
　　　　　　　　　　　　　　mccauley@pbh.com